## COLLINS v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. October 28, 1918.)

### No. 3156.

1. INDICTMENT AND INFORMATION ⬦⟹121(1, 5)—BILL OF PARTICULARS—NATURE.
    A bill of particulars can in no way aid an indictment fundamentally bad; the office of the bill, which is addressed to the discretion of the court, being to render the defendant more particular information as to matters essential to his defense.

2. INDICTMENT AND INFORMATION ⬦⟹110(3)—SUFFICIENCY—WORDS OF STATUTE.
    An indictment charging, in the words of the Espionage Act, that defendant did make and convey false reports, etc., with intent to interfere with military and naval operations, etc., *held* insufficient to charge any offense.

In Error to the District Court of the United States for the Southern Division of the Western District of Washington; Edward E. Cushman, Judge.

William M. Collins was convicted of violating the Espionage Act, and he brings error. Reversed and remanded.

This cause is here on writ of error at the instance of William M. Collins, defendant below, who was charged with a violation of the Espionage Act of Congress (Act June 15, 1917, c. 30, 40 Stat. 217). The indictment contains two counts. Count 1 charges that Collins, on or about December 16, 1917, at Montesano, Wash., "when the United States was at war with Germany, did willfully, knowingly, unlawfully, and feloniously make and convey false reports and false statements, with intent to interfere with the operation and success of the military forces of the United States, and to promote the success of its enemies." The second count is of like tenor, except that the charge is based upon the declaration of the act for causing and attempting to cause insubordination, disloyalty, mutiny, and refusal of duty in the military forces of the United States.

The indictment was returned January 9, 1918. The defendant was arraigned and entered a plea of not guilty January 14, and the cause was set for trial January 29, 1918. On January 28th, apparently without withdrawing his plea of not guilty, the defendant filed a demurrer to the indictment, assigning as reasons therefor that neither of the counts charged an offense against the laws of the United States, nor did they state facts sufficient to constitute a crime. After argument, the demurrer was overruled, and the court thereupon required the prosecuting attorney to file forthwith a bill of particulars of the offenses charged, which was done.

When the cause came on for trial before a jury duly impaneled, defendant's counsel objected to the court's receiving any evidence in support of the allegations of the indictment, and at the same time moved the court for an instructed verdict acquitting the defendant, upon the ground that the indictment does not state facts sufficient to constitute a crime. The objection was overruled, and the motion denied, and an exception was saved and allowed. The trial resulted in a conviction under count 1 and an acquittal under count 2. There was a motion at the conclusion of the testimony offered by the government for a directed verdict acquitting the defendant, but none at the close of the entire testimony. The motion was denied.

H. E. Foster, of Seattle, Wash., for plaintiff in error.

Clarence L. Reames, Sp. Asst. Atty. Gen., and Robert C. Saunders, U. S. Atty., of Seattle, Wash., for the United States.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

---

⬦⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
    253 F.—39

WOLVERTON, District Judge (after stating the facts as above). Waiving any irregularity in filing and presenting the demurrer for consideration, the question presented for decision is whether the indictment is sufficient to support any evidence designed to secure a conviction.

[1] It should be premised that a bill of particulars can in no way aid or render sufficient an indictment fundamentally bad. The office of a bill of particulars, where the indictment is good, is to render the defendant more particular information as to matters essential to his defense. It is directed to the discretion of the court, and before compelling the defendant to go to trial. United States v. Bayaud (C. C.) 16 Fed. 376, 382; United States v. Tubbs (D. C.) 94 Fed. 356, 360; Rinker v. United States, 151 Fed. 755, 759, 81 C. C. A. 379; United States v. Rintelen (D. C.) 233 Fed. 793, 799. In the Rinker Case the court says:

"When an indictment sets forth the facts constituting the essential elements of the offense with such certainty that it cannot be pronounced ill upon motion to quash or demurrer, and yet is couched in such language that the accused is liable to be surprised by the production of evidence for which he is unprepared, he should, in advance of the trial, apply for a bill of the particulars; otherwise it may properly be assumed as against him that he is fully informed of the precise case which he must meet upon the trial."

The bill of particulars, therefore, filed by the prosecuting attorney, can in no way aid the sufficiency of the indictment.

[2] Now, as to the sufficiency of the indictment: Where a statute declares that certain or specific acts, or the doing of certain things, shall constitute an offense, it is always necessary to state what the accused did whereby he transgressed the law, in order that he may be advised of the specific charge made against him, to enable him to concert his defense, and to avail himself of his conviction or acquittal against further prosecution of the same cause, and, further, to advise the court of the facts relied on for conviction, so that it may determine whether they are sufficient in law to support the charge. It is not sufficient in such a case to state the supposed offense in the language of the statute. As an apt illustration, by the Criminal Code (Act March 4, 1909, c. 321, § 125, 35 Stat. 1111 [Comp. St. 1916, § 10295]), it is declared that:

"Whoever, having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, * * * shall willfully and contrary to such oath state or subscribe any material matter which he does not believe to be true, is guilty of perjury."

It can scarcely be contended that an indictment charging perjury simply in the language of the statute would be sufficient, without stating what the oath was that was taken, its falsity, the defendant's belief that it was false, before whom taken, and the other facts and circumstances, as to time, place, and subject-matter, sufficiently to apprise the accused of the specific charge made against him, and to inform the court of the substantive facts relied upon for conviction.

The Supreme Court has spoken on the subject in no uncertain language. In United States v. Carll, 105 U. S. 611, 26 L. Ed. 1135,

the defendant was indicted charged with uttering and substituting a falsely made, forged, counterfeited, and altered obligation and security of the United States, in the language of the statute, the obligation being set forth according to its tenor; but it was not alleged that the defendant knew the instrument to be false, forged, counterfeited, and altered. On a motion in arrest of judgment, after verdict of conviction, the question was certified to the Supreme Court whether the indictment was sufficient to sustain the verdict. The Supreme Court declared that it was not, and that the omission was matter of substance, and not a defect or imperfection in matter of form only. The court, speaking through Mr. Justice Gray, has this to say:

"In an indictment upon a statute, it is not sufficient to set forth the offense in the words of the statute, unless those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished; and the fact that the statute in question, read in the light of the common law, and of other statutes on the like matter, enables the court to infer the intent of the Legislature, does not dispense with the necessity of alleging in the indictment all the facts necessary to bring the case within that intent."

United States v. Cruikshank, 92 U. S. 542, 23 L. Ed. 588, is a leading case. The statute under which the indictment was drawn made it an offense to conspire—

"to injure, oppress, threaten, or intimidate any citizen, with intent to prevent or hinder his free exercise and enjoyment of any right or privilege granted or secured to him by the Constitution or laws of the United States." Act May 31, 1870, c. 114, § 6, 16 Stat. 141.

The counts in the indictment to which exceptions were taken charged an intent to hinder and prevent the free exercise and enjoyment of "every, each, all, and singular" the rights granted by the Constitution and laws of the United States. There was no specification of any particular right or privilege the free exercise and enjoyment of which was hindered or prevented. The sufficiency of the indictment was challenged on motion in arrest of judgment after verdict. The especial objection was that the indictment did not specify any particular right out of the several or numerous constitutional or legal rights to which the citizens whose rights were claimed to have been infringed were entitled. The question as entertained by the court was not whether it was enough in general to describe a statutory offense in the language of the statute, but whether the offense had been described at all. The court, in the course of the discussion, laid down this declaration:

"The object of the indictment is: First, to furnish the accused with such a description of the charge against him as will enable him to make his defense, and avail himself of his conviction or acquittal for protection against a further prosecution for the same cause; and, second, to inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction, if one should be had. For this, facts are to be stated, not conclusions of law alone. A crime is made up of acts and intent; and these must be set forth in the indictment, with reasonable particularity of time, place, and circumstances."

The court concludes as follows:

"Therefore the indictment should state the particulars, to inform the court as well as the accused. It must be made to appear—that is to say, appear

from the indictment, without going further—that the acts charged will, if proved, support a conviction for the offense alleged."

The subject was further elaborated in United States v. Hess, 124 U. S. 483, 8 Sup. Ct. 571, 31 L. Ed. 516, and a like conclusion reached. This latter case bears marked analogy on its facts to the one here presented. See, also, United States v. Simmons, 96 U. S. 360, 24 L. Ed. 819; Evans v. United States, 153 U. S. 584, 14 Sup. Ct. 934, 38 L. Ed. 830; Batchelor v. United States, 156 U. S. 426, 15 Sup. Ct. 446, 39 L. Ed. 478; Cochran and Sayre v. United States, 157 U. S. 286, 15 Sup. Ct. 628, 39 L. Ed. 704.

The question is pertinent here, as it was in the Cruikshank Case, to inquire whether the offense has been described at all. The indictment charges that the defendant did willfully make and convey false reports and false statements, with intent to interfere with the operation and success of the military forces of the United States. But neither the defendant nor the court is advised as to what the reports and statements were, and the allegation is the sheerest conclusion. How was the defendant expected to prepare for his defense, when he was left wholly in the dark as to what reports, or what statements, if any, he had made that the government relied upon for conviction? He may have made many reports and statements, some or all of which may have been consistent with truth, and without any intent to impinge upon the statute, depending on the particular circumstances under which they were made, and yet he is wholly deprived of the opportunity of concerting his defense until he is confronted with them at the trial. It would be as consistent to charge a man with larceny and attempt to convict him of stealing specific property, when none is described or alluded to in the indictment. The information afforded for advising him of the direct charge would not be more specific in the one case than in the other. On the other hand, the court is without any information whatever whereby it is enabled to say that a crime has been charged. So to say to defendant simply, "You have made false reports and statements with intent to interfere with the success of the military forces of the United States," is wholly insufficient to describe the offense sought to be charged as denounced by the statute.

It was error, therefore, not to have rejected the testimony offered in support of the indictment, which was in itself insufficient to support a verdict.

Reversed and remanded.