STATE, Respondent, *v.* WOLF, Appellant.

(No. 4,392.)

(Submitted November 10, 1919. Decided November 22, 1919.)

[185 Pac. 556.]

*Criminal Law—War—Sedition—Information—Insufficiency.*

Information—In Words of Statute—When Insufficient.
1. An informàtion so framed as not to apprise the accused with reasonable certainty of the nature of the offense attempted to be charged against him is defective, though it may pursue the words of the statute under which it is drawn.

Same—When Words Gist of Offense—Particularization Necessary.
2. Where words are the gist of the offense charged against defendant, they must be particularized in the information to enable him to prepare his defense and plead the judgment as a bar to any subsequent prosecution for the same act.

Sedition—Information—Insufficiency.
3. *Held,* that an information charging sedition under Chapter 11, Laws of Extraordinary Session 1918, in that defendant knowingly, unlawfully, *etc.*, uttered and published disloyal, profane, violent, scurrilous, contemptuous and abusive language concerning the soldiers and the uniform of the army of the United States, was defective for failure to set out the specific words characterizing his remarks as disloyal, contemptuous, *etc.*

*Appeal from District Court, Beaverhead County; Jos. C. Smith, Judge.*

Harry Peter Wolf was convicted of the crime of sedition and appeals from the judgment. Reversed and defendant ordered discharged from custody.

*Mr. John Collins,* for Appellant, submitted a brief and argued the cause orally.

The information does not contain a statement of facts in ordinary and concise language, in such manner as to enable a person of common understanding to know what is intended (Rev. Codes, sec. 9147, subd. 2) ; nor to apprise the defendant of the particular circumstances of the offense (sec. 9149, subd. 3) ; nor is the offense stated with such degree of certainty as to enable the court to pronounce judgment (sec. 9156, subd. 7). It is therefore demurrable (sec. 9200, subds. 2 and

4) ; and defendant was entitled to have his motion in arrest
of judgment sustained (sec. 9353). This pleading does not
contain sufficient information to enable defendant to prepare
for his trial, nor for the court to determine by an inspection
thereof whether a conviction under it could be pleaded in bar
of another action.   (*State* v. *Beverlin,* 30 Kan. 611, 2 Pac. 630;
*United States* v. *Cruikshank,* 92 U. S. 542, 23 L. Ed. 588;
*United States* v. *Simmons,* 96 U. S. 360, 24 L. Ed. 819; *People*
v. *Ward,* 110 Cal. 369, 42 Pac. 894; *People* v. *Webber,* 138 Cal.
145, 70 Pac. 1089; *United States* v. *Carll,* 105 U. S. 611, 26
L. Ed. 1135 [see, also, Rose's U. S. Notes] ; Wharton's Criminal
Law, 216; *United States* v. *Bopp,* 230 Fed. 723.)

*Mr. S. C. Ford,* Attorney General, and *Mr. Frank Woody,*
Assistant Attorney General, for Respondent, submitted a brief;
*Mr. Woody* argued the cause orally.

The offense defined in this Act may be very well compared
with the offense of uttering indecent and profane language in
the presence of women and children, or with the offense of
committing a nuisance by uttering profane, abusive and violent
language, or with the offense of cursing and using abusive lan-
guage toward another calculated to provoke a breach of the
peace, and it is uniformly held that it is not necessary in in-
dictments and informations charging the commission of such
offense to set out the language used. A California statute
made it an offense to use vulgar, profane or indecent language
within the hearing and presence of women or children, and the
court held that it was sufficient to charge the offense in the
words of the statute, and that it was not necessary to set out
the language used. (*Ex parte Foley,* 62 Cal. 508; *State* v.
*Cainan,* 94 N. C. 880; *Bodenhamer* v. *State,* 60 Ark. 10, 28
S. W. 507; *Bryson* v. *State* (Tex. Cr.), 39 S. W. 365; *Foreman*
v. *State,* 31 Tex. Cr. 477, 20 S. W. 1109.)

For disturbing the peace by using violent, profane and in-
decent language it is sufficient when the offense is charged in
the language of the statute, and it is not necessary to set out

the language used. (*State* v. *Fare*, 39 Mo. App. 110; *State* v. *Parker*, 39 Mo. App. 116; *State* v. *Fogerson*, 29 Mo. 416.)

In a complaint charging the commission of a nuisance by uttering wicked, infamous and profane language, it is sufficient if the offense be charged in the words of the statute without setting out the language uttered. (*Commonwealth* v. *Mohn*, 52 Pa. St. 243, 91 Am. Dec. 153.) And in a complaint charging a person with being a common scold, it is not necessary to set out in the complaint any language used. (*Baker* v. *State*, 53 N. J. L. 45, 20 Atl. 858; *Respublica* v. *Carlisle*, 1 Dall. (U. S.) 35, 1 L. Ed. 26; *United States* v. *Greathouse*, 4 Sawy. 457, Fed. Cas. No. 15,254, 26 Fed. Cas. 18, 23; *United States* v. *Pierce*, 245 Fed. 888.)

MR. JUSTICE COOPER delivered the opinion of the court.

An information was filed against the defendant below, under Chapter 11 of the Laws of the Fifteenth Extraordinary Session of the Legislative Assembly of 1918. His demurrer to the information was overruled, a trial had, and judgment of conviction followed. The appeal is from the judgment.

Appellant contends that the overruling of his demurrer, the overruling of his objection to the introduction of any testimony upon the trial, and the denial of his motion in arrest of judgment, were all reversible errors. If the information fails to state a public offense under said Act, the result must be a reversal of the judgment.

The charging part of the information is as follows: "The said Harry Peter Wolf on or about the 2d day of August, A. D. 1918, at the county of Beaverhead, state of Montana, and at a time when the United States was engaged in war, did then and there knowingly, unlawfully and feloniously utter and publish disloyal, profane, violent, scurrilous, contemptuous, slurring and abusive language about the soldiers of the United States and the uniform of the army of the United States, and language calculated to bring the soldiers of the United States and

the uniform of the army of the United States into contempt,
scorn, contumely and disrepute," *etc.*

Appellant insists that, in this state of the pleadings, he is
[1] left in doubt, not only as to the time, but the place, as
well as the particular statement charged to have been made by
him. Substantially his position is that, within so indefinite a
period, the time. and opportunity were sufficient for him to
have made many statements, any one or more of which the
prosecutor might conceive to be within the purview of the stat-
ute; that he is entitled to be advised of the specific words he is
alleged to have spoken, in order that he may be able to con-
front the witnesses and timely and intelligently rebut the
charge against him. A careful scrutiny of the record fails to
disclose the spoken words the pleader conceived to be the gist
of the offense, so that the case proceeded to judgment upon the
presumption that the charge in the language of the statute pro-
vided a sufficient foundation to support a conviction.

As will presently be seen, our Code provisions (secs. 9147,
9149) are but a paraphrase of the common-law rules covering
the requisites of criminal pleading involved here. Section
9147 provides that the indictment or information must contain
"a statement of the facts constituting the offense, in ordinary
and concise language, and in such manner as to enable a per-
son of common understanding to know what is intended."
Section 9149: "The indictment or information must be direct
and certain, as it regards: (1) The party charged. (2) The
offense ·charged. (3) The particular circumstances of the
offense charged, when they are necessary to constitute a complete
offense." This court has said that an information good at com-
mon law is good under the statute. (*Territory* v. *Young,* 5 ·Mont.
242, 5 Pac. 248; *State* v. *Lu Sing,* 34 Mont. 31, 9 Ann. Cas. 344,
85 Pac. 521.) At common law the rule is that where the defi-
nition of the offense contains generic terms, it is not sufficient
to allege the species of the crime, but the pleader must descend
to particulars. (*Bowles* v. *State,* 13 Ind. 427; *Malone* v. *State,*
14 Ind. 219; *State* v. *Bruner,* 111 Ind. 98, 12 N. E. 103; *United*

*States* v. *Cruikshank,* 92 U. S. 542, 23 L. Ed. 588; *United States* v. *Carll,* 105 U. S. 611, 26 L. Ed. 1135 [see, also, Rose's U. S. Notes]; *Boyd* v. *Commonwealth,* 77 Va. 52; *State* v. *Graham,* 38 Ark. 519; *Burch* v. *Republic,* 1 Tex. 608; *Kerry* v. *State,* 17 Tex. App. 178, 50 Am. Rep. 122.)

Sergeant Hawkins, in his Pleas of the Crown, eighth edition, [2] volume 2, Chapter 25, section 111, said: "Neither doth it seem to be always sufficient to pursue the very words of the statute, unless by so doing you fully, directly, and expressly allege the fact, in the doing or not doing whereof the offense consists, without the least uncertainty or ambiguity." In *United States* v. *Simmons,* 96 U. S. 360, 24 L. Ed. 819, the supreme court of the United States declares the rule thus: "The accused must be apprised by the indictment, with reasonable certainty, of the nature of the accusation against him, to the end that he may prepare his defense and plead the judgment as a bar to any subsequent prosecution for the same offense. An indictment not so framed is defective, although it may follow the language of the statute." (See, also, *Evans* v. *United States,* 153 U. S. 584, 38 L. Ed. 830, 14 Sup. Ct. Rep. 934; *Armour Packing Co.* v. *United States,* 209 U. S. 58, 52 L. Ed. 681, 28 Sup. Ct. Rep. 428; *United States* v. *Hess,* 124 U. S. 483, 31 L. Ed. 516, 8 Sup. Ct. Rep. 571; *Foster* v. *United States,* 253 Fed. 481, 165 C. C. A. 193; *United States* v. *Prieth* (D. C.), 251 Fed. 946; *Cochran* v. *United States,* 157 U. S. 290, 39 L. Ed. 704, 15 Sup. Ct. 628 [see, also, Rose's U. S. Notes]; Archibald's Criminal Practice and Pleading, 291.)

In the tenth edition of Wharton's Criminal Procedure, section 251, volume 1, the rule is stated thus: "Where words are the gist of the offense, they must be set forth in the indictment with the same particularity as libel; as, for instance, in an indictment for scandalous or contemptuous words spoken to a magistrate in the execution of his office, or for blasphemous, or seditious or obscene or abusive words, or for perjury." See, also, the opinions of the United States circuit court of appeals for the ninth circuit, in the cases of *Foster* v. *United States,*

*supra,* and *Collins* v. *United States,* 253 Fed. 609, 165 C. C. A.
637, interpreting the Federal Espionage Act (Act June 15,
1917, Chap. 30, 40 Stat. 217), a statute similar in its terms to
the Act now under consideration.

As declared by Mr. Bishop, in 1 Criminal Procedure, fourth
edition, section 331: "The facts in allegation must be the pri-
mary and individualizing ones." Moreover, section 16 of
Article III of our Constitution guarantees the defendant in all
criminal cases the right, upon demand, to be informed of the
nature and cause of the accusation. The nature of the thing,
as required in that instrument, is its essential character—the
attributes that make the thing it is, distinct from others.

A general allegation, such as the one now before us, reveals
none of the ingredients of the particular act to distinguish it
from any of the many acts denounced in the statute. The
charging part of the information is not even what it purports
to be—a literal statement of the words of the statute. It is
couched in such general terms as to cover several distinct mat-
ters for which punishment may be inflicted. Words particu-
larizing the offense are wanting, and we are left unable to
visualize the effect of its averments, or to determine their suffi-
ciency to carry the stigma ascribed to them by the pleader.

The gravamen of the charge is the use of language "calcu-
[3]    lated to bring the soldiers of the United States and the
uniform of the army of the United States into contempt, scorn,
contumely and disrepute," and, with that purpose in view,
it is charged that appellant "did then ánd there knowingly,
unlawfully and feloniously utter and publish" not only dis-
loyal, but "profane, violent, scurrilous, contemptuous, slurring
and abusive language" concerning the soldiers of the United
States and the uniform of the army of the United States. The
particular words the prosecutor ultimately selected to prove
the offense are left entirely to our imagination; and, so far as
the record shows, the defendant himself was left completely in
the dark, before the trial, as to what statements, if any, he was
obliged to meet in his defense. As was said by Mr. Justice

Holloway in *State* v. *Griffith, ante,* p. 241, 184 Pac. 220, speaking for this court: "The Sedition Act is an emergency war measure, designed to secure to the general government the utmost assistance possible in its prosecution of the world war, by restraining acts or speech reasonably calculated to incite or inflame resistance to the duly constituted authorities exercised to mobilize the resources of the country and exert them in the most effective manner. Every Act denounced by the statute has such a direct and immediate relationship to the prosecution of the war that in the very nature of things it is reasonably calculated to hamper the efforts of the government, impede its progress, or defeat its purpose." Whether or not the words actually spoken did in fact run counter to the spirit and purpose of the law, and were so pleaded as to create a distinct issue of law and fact, is purely a question for the court to determine upon the face of the information. The defendant was entitled to have squarely before him the specific language characterizing his remarks as being either disloyal, profane, violent, scurrilous, contemptuous, slurring, abusive or as otherwise variously set forth in the Act, and intending to bring into contempt, scorn, contumely and disrepute either the soldiers of the United States, or the uniform of the army of the United States.

The constitutional and statutory guaranties heretofore adverted to, requiring direct and certain allegations in criminal pleadings, are merely declaratory of the ancient common-law rule that no one shall be held to answer an information or indictment, unless the crime be charged with precision and fullness, to the end that the defendant may have ample opportunity to make his defense and avail himself of his conviction or acquittal in a subsequent proceeding for the same offense. Further than that, it is essential that the particular offense be adequately identified and charged in such a manner as to enable the court to determine its sufficiency in law to constitute the offense prohibited by the statute.

The information is therefore defective in failing to set out the particular circumstances necessary to constitute a complete offense under section 9149 of the Revised Codes, and the judgment is reversed.   The defendant is ordered discharged from custody.

*Reversed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HOLLOWAY and HURLY concur.

