STATE, RESPONDENT, *v.* HEM, APPELLANT.

(No. 5,315.)

(Submitted October 27, 1923. Decided November 13, 1923.)

[220 Pac. 80.]

*Criminal Law—Unlawful Sale of Narcotics—Information—Insufficiency.*

Criminal Law—Information—Certainty Required.
   1. An information must charge the crime alleged to have been committed, with certainty and precision, setting forth all the affirmative facts which constitute a *prima facie* case under the statute charged to have been violated.

[69 Mont. 57.]

Same—Unlawful Sale of Narcotics—Information—Insufficiency.

2. Under the above rule, *held* that an information charging a violation of the narcotic law (sec. 3189, Rev. Codes 1921) was insufficient for failure to state the name of the purchaser of the drug and that the sale was made at retail or to a consumer.

*Appeal from District Court, Yellowstone County; Robert C. Stong, Judge.*

Tom Hem was convicted of unlawfully selling narcotics, and appeals. Reversed and remanded, with directions to discharge defendant from custody.

*Mr. O. F. Goddard,* and *Mr. H. C. Crippen,* for Appellant, submitted a brief; *Mr. Crippen* argued the cause orally.

In order that the accused might be apprised of what he was to meet, and thereby prepare intelligently for his defense, and in order that the particular transaction might be identified so that his acquittal or conviction would be a bar to a subsequent prosecution for the same offense, the name of the purchaser, if known, should be given; if unknown, that fact should be alleged. (*Fletcher* v. *State,* 2 Okl. Cr. 300, 23 L. R. A. (n. s.) 581 and note, 101 Pac. 599; *Fehringer* v. *People,* 59 Colo. 3, 147 Pac. 361; *Earp* v. *State,* 20 Ariz. 569, 184 Pac. 942; *State* v. *Smith,* 25 Idaho, 541, 138 Pac. 1107; *Williams* v. *State,* 188 Ind. 283, 123 N. E. 209; *State* v. *Doyle,* 11 R. I. 575; *Moss* v. *State,* 4 Okl. Cr. 247, 111 Pac. 950; *Daugherty* v. *State,* 41 Tex. Cr. 661, 56 S. W. 620; *State* v. *Wilbur,* 85 Or. 565, 166 Pac. 51, 167 Pac. 569.)

The legislature of this state has seen fit to declare that: ''It shall not be necessary to state the name of the person to whom sold,'' *etc.* (Sec. 11111 Rev. Codes 1921.) This action is taken, however, simply with regard to prosecutions relating to intoxicating liquors. There is no such statutory enactment with reference to prosecution for the sale of narcotics. Had the legislature, in its wisdom, felt that the same rule should prevail in the latter as in the former cases, it would have included the latter in the statutory enactment.

*Mr. Wellington D. Rankin,* Attorney General, for Respondent, submitted a brief; *Mr. L. V. Ketter,* Assistant Attorney General, argued the cause orally.

The essence of the crime is the sale, not the sale to any given person or class of persons. This is the line of reasoning under which the majority of courts which have considered this question have reached the conclusion that the information in cases of this class need not state the name of the person to whom the sale was made. (See *State* v. *Wehr,* 57 Mont. 469, 188 Pac. 930; *State* v. *Leonard,* 195 Mo. App. 283, 190 S. W. 957.)

Where, therefore, the sale is the thing prohibited, no matter to whom the sale be made, we submit that a complete offense is stated by an information that alleges that the defendant did the thing the law prohibits, *i. e.,* sold narcotic drugs at a given time and place. (*State* v. *Koerner,* 103 Wash 516, 175 Pac. 175; *Nelson* v. *United States,* 30 Fed. 112; *Booth* v. *United States,* 197 Fed. 283, 116 C. C. A. 645; 23 Cyc. 232; *Myers* v. *State,* 67 Ill. 503; *State* v. *Munger,* 15 Vt. 290; *Osgood* v. *People,* 39 N. Y. 449; *State* v. *Bodeckar,* 11 Wash. 417, 39 Pac. 645; *State* v. *Chisnell,* 36 W. Va. 659, 15 S. E. 412; *United States* v. *Gordon,* 1 Cranch C. C. 58, Fed. Cas. No. 15,233; *State* v. *Wingfield,* 115 Mo. 428, 22 S. W. 363; *Freeman* v. *State,* 4 Ala. App. 193, 59 South. 228; *Garrison* v. *State,* 148 Ark. 370, 230 S. W. 4; *McNeill* v. *State,* 125 Ark. 47, 187 S. W. 1060; *State* v. *Richie* (Mo. App.), 180 S. W. 2; *Parmenter* v. *United States,* 6 Ind. Ter. 530, 98 S. W. 340.)

MR. JUSTICE COOPER delivered the opinion of the court.

The defendant was convicted under section 3189 of the Revised Codes of 1921, which makes it unlawful "to sell, barter, exchange, distribute, give away, or in any manner dispose of, at retail, or to a consumer, opium or coca leaves, or any compound, manufacture, salt, derivative, or preparation thereof, within this state, except upon the original written prescription of a duly licensed physician." The specific charge in the in-

formation is that he did "willfully, unlawfully, and feloniously sell and dispose of certain narcotics, drugs, to-wit, two (2) cards of smoking opium and one bindle or package of morphine, to another person, which said drugs were then and there sold in unstamped packages, not on a written order form, and not on a prescription written by a duly licensed physician." After a verdict of guilty was returned, the court denied the defendant's motion in arrest of judgment and pronounced sentence. He appeals from the judgment. His counsel insists that the information does not allege all the elements of a public offense, because it does not aver that the drugs were sold "at retail" or "to a consumer," and does not give the name of the purchaser.

The want of a direct allegation of anything material in the [1, 2] description of the substance, nature or manner of the offense cannot be supplied by intendment or implication. As stated more definitely by Mr. Archibald: "Where the definition of an offense, whether by rule of the common law or by statute, includes generic terms (as it necessarily must), it is not sufficient that the indictment should charge the offense in the same generic terms as in the definition, but it must state the species—it must descend to particulars." (1 Archibald's Criminal Practice & Pleading, pp. 290, 291.) This is to enable the defendant to prepare his defense, and to plead his conviction in bar of another charge for the same offense. Chitty says: "It must charge the crime with certainty and precision, and must contain a complete description of such facts and circumstances as will constitute the crime." (1 Chitty's Criminal Law, p. 227.)

The latest editions of the American text-writers on Criminal Practice and Procedure all approve and adopt the views of the English authors upon this subject. In Bishop's second edition of his New Criminal Procedure, in section 593, this will be found: "The doctrine of this chapter is that the indictment on a statute, the same as on the common law, and with the same individualizing of the transaction, must set

forth all the affirmative facts which constitute a *prima facie* case; but it need not anticipate any defense by denial, differing from the indictment on the common law simply in this: That it must profess on its face to be drawn in a statute, and employ enough of the statutory words to indicate what particular one." Mr. Bishop, in section 505 of the same work, says: "*The Doctrine of Certainty.* There are many reasons for it, helpful toward a comprehension of its degree and forms; as to quote from De Grey, C. J., that the defendant may know for what crime he is 'to answer; that the jury may appear to be warranted in their conclusion of "guilty" or "not guilty" upon the premises delivered to them; and that the courts may see such a definite crime that they may apply the punishment which the law prescribes.' To which Lord Kenyon adds, 'that posterity might know what law is to be derived from the record.' "

The supreme court of Arizona, in *Earp* v. *State,* 20 Ariz. 569, 184 Pac. 942, deprecates the practice of leaving the name of the purchaser out of the information and points out its consequences. It says: "If the prosecution may await the commencement of the trial and then, for the first time, select one of a class of acts included in the terms of the information upon which a conviction will be asked," neither the accused nor his attorney can possibly be prepared to meet the proof.

The supreme court of Oklahoma gives another aspect to the situation presented here. The opinion reasons thus: "There can be no sale without a purchaser, and no gift without a receiver. A sale or a gift necessarily implies the existence of two or more persons; neither can be accomplished except under these conditions. The mere statement of this proposition amounts to its demonstration to a mathematical certainty. Therefore the existence of such purchaser or receiver is a constituent element of the offense, and his or her name must be alleged in the information or indictment, if known; if not known, that fact must be alleged." (*Fletcher* v. *State,* 2 Okl. Cr. 300, 23 L. R. A. (n. s.) 581, 101 Pac. 599.) Cases

holding to this view might be multiplied. The proposition, however, is too plain to need further citation of authorities.

Our own statutes deal directly with the essentials of good criminal pleading, and embody the same principles as the common law. They provide that the information shall set forth "a statement of facts constituting the offense, in ordinary and concise language" in such manner "as to enable a person of common understanding" to know what is intended. (Secs. 11843, 11845, 11850, 11851, 11852, Rev. Codes 1921.)

The rights thus preserved are in nowise affected by the provisions of section 11853 of our present Codes, which provides that "No indictment or information is insufficient, nor can the trial, judgment, or other proceedings thereon be affected by reason of any defect or imperfection in matter of form which does not tend to the prejudice of a substantial right of the defendant upon its merits." This was declared in *State v. Beesskove*, 34 Mont. 41, 85 Pac. 376, Chief Justice Brantly, speaking for this court, saying: "If it be borne in mind that the common law is in force in this state, except so far as it has been supplanted by our Codes, the conclusion cannot be escaped that the provisions of the Penal Code cited (secs. 1832, 1841, 1842, Codes of 1895, now secs. 11843, 11852, 11853, Rev. Codes 1921) and others germane to the subject, while dispensing with mere matters of form, still require * * * the substantial allegations necessary under the common law." (See, also, *State v. Smith*, 58 Mont. 567, 194 Pac. 131.) These reasons apply in the same degree to the point that the information is defective because it fails to state whether the sale was made "at retail" or "to a consumer."

A similar question was fully discussed in *State v. Wolf*, 56 Mont. 493, 185 Pac. 556, where the foregoing views were approved and adopted. In that case the information sought to charge the defendant with making seditious utterances while this country was at war with Germany and her allies. It was held to be fatally defective because it did not state

the specific words upon which the charge of sedition was founded.

To evade the force of the above authorities the attorney general insists that the offense denounced by the statute being a *sale* merely, and not the disposal of narcotics to any given person, the information violates none of the fundamental rules of pleading. *State* v. *Wehr*, 57 Mont. 469, 188 Pac. 930, and *State* v. *Paine*, 61 Mont. 270, 202 Pac. 205, are cited in support of that position. The two cases referred to involved breaches of the statute forbidding illegal sales of intoxicating liquors. That Act expressly permits the prosecuting officer to leave out of the information the name of the purchaser of the liquor, as well as "defensive negative averments." But in the same section the court is authorized to direct the county attorney to furnish the defendant a bill of particulars "when it deems it proper to do so" upon seasonable demand. (Sec. 11078, Rev. Codes 1921.) This gives the accused ample opportunity to obtain the same information as he would be entitled to know from the charging part of the information, and enables him to prevent surprise at the trial. In passing Chapter 202 of the Laws of 1921, the lawmakers did not give the county attorney authority to leave out of the information the name of the purchaser or receiver of the drug. In the absence of such statutory authority, an information which does not stand the test of the rules of criminal pleading and procedure above indicated is defective and will not support a judgment of conviction.

The judgment is reversed and the cause remanded to the district court of Yellowstone county, with directions to discharge the defendant from custody.

*Remanded, with directions.*

Mr. Chief Justice Callaway and Associate Justices Holloway, Galen and Stark concur.