THE STATE OF MONTANA, PLAINTIFF AND RESPONDENT, *v.*
JOHN BOGUE, DEFENDANT AND APPELLANT.

No. 10544

Submitted April 5, 1963. Decided August 7, 1963.

Rehearing denied September 11, 1963.

384 P.2d 749.

Jones & Olsen, Billings, Paul G. Olsen (argued orally), Billings, for appellant.

William J. Speare, County Atty. (argued orally), Billings, Forrest H. Anderson, Atty. Gen., Louis Forsell, Asst. Atty. Gen. (argued orally), Helena, for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal from a judgment entered in the district court of Yellowstone County, Montana.

On May 3, 1962, an information charging the crime of embracery was filed; a demurrer upon the ground that facts constituting a public offense were not stated was overruled. On June 1, 1962, a second information charging a like crime was filed and on motion the two informations were consolidated. Another demurrer was filed upon the same grounds to the second information and overruled. Defendant entered a plea of not guilty to each information and following a jury trial a verdict of guilty was returned on both informations. Sentence was fixed upon the first information at a term of five years in the state prison; upon the second information at a fine of $2,000, which fine if not paid, defendant was to be

imprisoned until the fine was fully satisfied in the proportion of one days imprisonment for every two dollars thereof, and if the fine was not paid and the defendant had to serve time in lieu thereof the two sentences were to run concurrently.

Defendant on this appeal specifies two errors. First, that it was error not to sustain the demurrers filed to the informations; second, that the sentence imposing imprisonment if the fine is not paid was void and without authority in law as applied to the entire sentence.

Going to the first contention, defendant asserts the State failed to state facts constituting an offense in either information. The basis for this contention is that the defendant asserts the charges of embracery contained in each information are set forth in generic terms in violation of sections 94-6403 and 94-6405, R.C.M.1947. These sections provide that the information must contain a statement of the facts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended, and that an information must be direct and certain as regards the particular circumstances of the offense charged, when they are necessary to constitute a complete offense.

Defendant relies on State v. Wolf, 56 Mont. 493, 185 P. 556, wherein the defendant was convicted of uttering and publishing profane, scurrilous, etc., language about the soldiers of the United States. In its opinion the court clearly pointed out that the defendant perhaps had opportunity to make many statements and that the particular words the prosecutor ultimately selected to prove the offense are left entirely to the imagination and that "the defendant himself was left completely in the dark, before the trial, as to what statement, if any, he was obliged to meet in his defense." Further, that the defendant was entitled to have squarely before him the specific language relied on for proof of the commission of the crime.

Defendant further relies on State v. Hale, 129 Mont. 449, 291 P.2d 229, which involved a prosecution for presenting a false and fraudulent claim, wherein this court held that it was necessary to specify the facts which show that at least some material representation made by the claim was not true.

As to the Wolf case it is clearly distinguishable in that the essence of the offense is the language used and of necessity it should be alleged. The Hale case, on the other hand, did not hold that all offenses expressed in general words must be particularized. However, lest there be any confusion regarding the status of the Hale case, this court comments further.

Section 94-6403, subd. (2), should provide the solution to the question of what constitutes sufficiency of a pleading. As noted earlier that section provides that the pleading need only be such that a person of common understanding could know what was intended. In the Hale case the information charged that the defendant had committed the crime of ''obtaining money by false pretenses'' in that he had presented a ''false and fraudulent claim'' to the county commissioners. The information quoted the claim *haec verba*. It should seem clear that such an information would give proper notice to the defendant. In other words, the ''common understanding'' test should have been satisfied. The court, however, held that the information contained ''nothing but conclusions without any supporting facts to show the falsity of the specific pretenses relied upon for a conviction.'' 129 Mont. 449, 458, 291 P.2d 229, 233. This court is of the opinion that such an approach as was adopted in the Hale case is too technical and defeats the purpose of pleadings by giving the same too much emphasis. The most important consideration is whether or not the defendant is apprised of the charges brought against him, and whether or not he will be surprised. See State v. Fairburn, 135 Mont. 449, 340 P.2d 157. Therefore, the Hale case is overruled insofar as it requires a recitation of supporting facts to be contained in the information.

Of course, as in the Wolf case, where particular language is the gist of the offense, such language must be pleaded. Neither the Hale case nor the case presently before this court is of such a nature.

The consolidated information in this case charged the defendant with attempting to influence a juror named Ida Eisenbraum to favor the defendant in the case of State v. Moran. The second portion of the consolidated information charged the defendant with attempting to influence a juror, Harriet Lorang, to favor Moran. It is clear that such allegations would enable a person of common understanding to know what is intended. Therefore, the requirements set forth in section 94-6403, subd. (2), are satisfied.

Turning to the second contention, section 94-114, R.C.M. 1947, provides as follows:

"A felony is a crime which is punishable with death or by imprisonment in the state prison. Every other crime is a misdemeanor. When a crime, punishable by imprisonment in the state prison, is also punishable by fine or imprisonment in a county jail, in the discretion of the court or jury, it is a misdemeanor for all purposes after a judgment imposing a punishment other than imprisonment in the state prison."

In light of this section, defendant admits that he has been convicted of a felony under the first portion of the consolidated information because the sentence was to serve five years in the state prison. As to the second portion, however, defendant contends that a fine of $2,000 indicates he was convicted of a misdemeanor. Therefore, defendant contends that a sentence requiring him to work off the fine by serving time in the *state prison* has no basis in Montana law and is void.

Section 94-7815, R.C.M.1947, provides that a "judgment that the defendant pay a fine and costs may also direct that he be imprisoned until both fine and costs are satisfied specifying the extent of the imprisonment, which must not exceed one day for every two dollars of the fine and costs."

The State contends that while this statute does not specify the place of incarceration in case of default, for matters of convenience the imprisonment should be done where the defendant has been sentenced under the first count. The State relies on People ex rel. Gately v. Sage, 13 App.Div. 135, 43 N.Y.S. 372, and Foertsch v. Jameson, 48 S.D. 328, 204 N.W. 175. Both cases held that where the place of incarceration for failure to pay a fine was not specified in the statute, it is customary to direct the imprisonment to take place in the same prison wherein the defendant is confined. In both cases the defendant was held over after having served the primary sentence so that the fine could be worked out.

California, on the other hand, under statutes identical to ours, adopts the position that when a defendant has served his primary prison sentence he can no longer be held in the state prison, and if there is a fine that must be worked out confinement must be in a county jail. The basis for such a position is found in a statutory provision similar to section 94-114. It has been consistently held in California that imprisonment in the state prison can be had only for felonies. See Ex parte Arras, 78 Cal. 304, 20 P. 683; In re Wadleigh, 82 Cal. 518, 23 P. 190.

It is clear that none of the authorities cited above are exactly in point, however, we are of the opinion that the California approach is useful in resolving the present controversy.

Section 94-114, requires us to classify the offense by the nature of the punishment imposed. Treating the two informations as independent, it is clear that under the first information the defendant stands convicted of a felony and under the second, of a misdemeanor. The same statute also requires that only felonies be served in the state prison. If we take this requirement literally, then punishment in this case would be impossible for the reason that neither sentence could be served concurrently as was decreed by the trial judge.

To resolve this impasse, we see nothing harsh or

unjust in requiring the defendant to serve his term in the state prison while at the same time giving him credit against the unpaid fine. When the defendant is released, should there remain any portion of the fine that has not been paid or worked out, the defendant is to be remanded to the custody of the Sheriff of Yellowstone County, as provided in section 94-8003, R.C.M.1947, so that he may serve the remainder of the imprisonment in the jail of that county. Of course, if the fine is paid, or sufficient time served at the state prison so that the fine is satisfied, the defendant when released need serve no time in the county jail. Under no circumstances, however, may his term in the state prison be elongated for the sole reason of satisfying the fine.

Accordingly, the judgment of the lower court is affirmed under the conditions above stated.

MR. JUSTICES CASTLES, ADAIR and JOHN C. HARRISON, concur.