From: The District Court of the Thirteenth Judicial District. County of Yellowstone.

STATE OF MONTANA, Plaintiff, vs. DONALD EVERT ELDIWITW, Defendant.

NO. 7628

## DECISION

The application of the above-named defendant for a review of the sentence of ten years, imposed on February 24, 1969, was fully heard and after a careful consideration of the entire matter it is decided that:

(1) The sentence be and remain as originally imposed by the sentencing court.

The reason for the above decision is that the sentence appears proper and sufficiently lenient in that the defendant was convicted of robbery punishable by not less than 1 year imprisonment with no limit, yet received a sentence of but 10 years with 69 days jail time credit with eligibility for parole consideration in January, 1971, after being received on February 25, 1969, although he used a gun in the commission of the crime and has 1 prior felony conviction.

DATED this 7th day of April, 1969.

### SENTENCE REVIEW DIVISION

Philip C. Duncan, chairman; Paul G. Hatfield, Jack D. Shanstrom.

From: The District Court of the Eighth Judicial District. County of Cascade.

STATE OF MONTANA, Plaintiff, vs. GARY SWAN, Defendant.

NO. 5557B

## DECISION

The application of the above-named defendant for a review of the sentence of 6 years together with a fine of $2000, imposed on January 8th, 1967, was fully heard and after a careful consideration of the entire matter it is decided that:

(1) The sentence be and remain as originally imposed by the sentencing court.

The reason for the above decision is that the sentencing court by order dated the 9th of April, 1969, which clarified the sentencing commitment ordered that the imprisonment and fine would run concurrently and that the defendant should receive credit for the time served in lieu of payment of said fine since the 20th day of January, 1967. The defendant was eligible for parole consideration February 1968. He was passed to discharge which is April 5, 1971; with the new order clarifying the sentence the fine will be paid October 16, 1969. This complies, then, with Spindler vs. State of Montana, reported Volume 25 State Reporter, page 674 and, also State vs. Bogue, 142 Mont. 459, 384 P2d, 749. That is to say the fine in no way lengthens the term of the six year sentence. We wish to thank Duane Sell, Esq., of the Montana Defenders for his assistance to the defendant.

DATED this 21st day of April, 1969.

### SENTENCE REVIEW DIVISION

Philip C. Duncan, chairman; Paul G. Hatfield, Jack D. Shanstrom.