MR. JUSTICE SHEEHY,
dissenting:
I dissent. I do not understand how the Court can sustain this conviction in the face of its obvious imperfections. Sharp has been deprived of due process, subjected to double jeopardy, and denied a speedy trial. Not one but three violations of the State’s Constitutional rights have occurred. We should reverse the judgment of his conviction sua sponte.

*48
Due Process

The defendant Sharp has been convicted of a crime for which no complaint, indictment or information was ever filed against him.
This case arrived in the District Court by way of appeal from a criminal conviction in a justice court. This means that there is not in the District Court file any information filed by a county attorney, nor a true bill by a grand jury. The founding papers on which the charges against Sharp are based must rest then in the papers that were transferred to the District Court from the justice court in which his original conviction was obtained.
In the justice court, the only charge against Sharp is that filed by highway patrolman James Williams on January 3, 1984, charging that Sharp, on December 22, 1983, committed the offense of “driving while under the influence of alcohol, second offense.” No other charges were made against Sharp in the justice court. His sentence in the justice court on conviction was a fine of $500, his driver’s license suspended for one year, and 173 days of jail sentence to be suspended on the condition that he take a chemical dependency program treatment.
Under Section 46-17-311, MCA, all criminal cases on appeal from justices’ courts must be tried anew in the District Court. In this type of case, the District Court acts under its appellate jurisdiction. Section 3-5-303, MCA.
In the District Court, after trial, Sharp was found “not guilty of the offense of driving while under the influence of alcohol, a misdemeanor.” His J.P. conviction was reversed.
However, Sharp was found “guilty of the offense of operation of a motor vehicle by a person with alcohol concentration of 0.10 or more.”
Thus, Sharp was found guilty in the District Court of an offense for which he was never charged by information, true bill, or complaint.
Under Art. II, Section 20, 1972 Montana Constitution, criminal offenses within the jurisdiction of any court inferior to the District Court “shall” be prosecuted by complaint. The justice court file does not contain a complaint based on alcohol concentration of 0.10. The same state constitutional provision relating to criminal actions in the District Court require either information or indictment. Neither an information nor indictment is contained in the District Court file.
With respect to justice courts, Section 46-17-101, MCA, requires *49 that all criminal prosecutions in the justice court be commenced by complaint under oath.
Under Section 46-11-401, MCa, all charges against a defendant in a criminal prosecution must be in writing and charge the offense by stating the name of the offense, the statute involved, and the facts constituting the offense in the ordinary concise language. No such charge in writing appears in the District Court file relating to the “operation” of a motor vehicle.
Sharp has been deprived of due process in that he has been convicted of a crime in a District Court for which he has never been charged.
The first time that the charge of operating a motor vehicle while having a blood alcohol concentration of 0.10 appears is in the instructions of the District Court to the jury.
The test of the sufficiency of the information (and presumably of the justice court complaint) is whether the defendant is apprised of the charges brought against him and whether he will be surprised. State v. Bogue (Mont. 1963), 142 Mont. 459, 384 P.2d 749.

Jeopardy

It is necessary to understand the state’s statutes respecting driving under the influence of alcohol and of operating a motor vehicle under that influence to see that the District Court got trapped in egregious error because it did not understand the statutes.
There are two ways in which the State may prosecute a defendant for driving or operating motor vehicles under the influence of alcohol.
Under Section 61-8-401(1)(a), MCA, it is unlawful for any person who is under the influence of alcohol “to drive or be in actual physical control of a motor vehicle upon the highways of this State open to the public.”
Note, please, that under Section 61-8-401, MCA, the offense is committed if one is driving, or is in actual physical control of a motor vehicle upon a highway while under the influence of alcohol.
With respect to the quantum of proof to establish a violation of Section 61-8-401, MCA, relating to alcohol, the statute establishes certain presumptions with respect to blood alcohol tests. If at the time of the alleged offense there is an alcohol concentration of 0.05 or less it is presumed that the person was not under the influence of alcohol. Section 61-8-401(3)(a), MCA. If there was at the time a *50 blood alcohol concentration in excess of 0.05 but less than 0.10, there is no presumption, but the fact may be considered with other competent evidence in determining the guilt or innocence of the person. Section 61-8-401(3)(b), MCA.
If at the time there is an alcoholic concentration of 0.10 or more, it is presumed that the person was under the influence, but the presumption is rebuttable. Section 61-8-401(3)(c), MCA.
A different crime for operating a vehicle under the influence of alcohol is provided in Section 61-8-406, MCA. There it is unlawful “for any person to drive or be in actual physical control of a motor vehicle upon the ways of this State open to the public while the alcohol concentration in his blood, breath, or urine is 0.10 or more.”
Note please under Section 61-8-406, the crime is defined by the status of the blood alcohol content. Nothing more than the blood alcohol concentration is required to be proved if the person is driving or in actual physical control of the motor vehicle at the time.
In sum, then, under Section 61-8-401, MCA, a person may be convicted of driving or being in actual physical control of a motor vehicle while under the influence of alcohol if his blood alcohol concentration is in excess of 0.05 (50 milligrams per 100 milliliters) but less than 0.10 (100 milligrams per 100 milliliters) and other competent evidence shows he was guilty; if his blood alcohol concentration is 0.10 (100 milligrams per 100 milliliters) or more, there is a rebuttable presumption that he was under the influence of alcohol. Under Section 61-8-406, MCA, proof of the blood alcohol concentration of 0.10 (100 milligrams per 100 milliliters) or more is sufficient proof of the alcohol influence.
The District Court did not so instruct the jury. Instead the District Court instructed the jury erroneously as follows:
“The crime charged against the defendant is driving while under the influence of alcohol, a misdemeanor and all six of your number must agree in order to return either a verdict of guilty or not guilty.
“To do so, it is necessary that you consider the crime of driving while under the influence of alcohol first and that all six of you find the defendant either guilty or not guilty of that charge.
“In the event you find the defendant guilty of driving while under the influence of alcohol, you need go no further as you will have reached a verdict in this case. And shall contact the bailiff to return you to open court.
“In the event you find the defendant not guilty of driving while under the influence of alcohol, you must then consider the lesser *51 included offense of operation of motor vehicle by a person with alcohol concentration of 0.10 or more. You must then find the defendant guilty or not guilty of that charge. When you have done so, you have reached a verdict and need not proceed further but shall contact the bailiff to return you to open court.”
The District Court erred in giving that instruction, first, because it divided the elements provided in both statutes “to drive or be in actual physical control of a motor vehicle” while under the influence of alcohol. The court dissected the statutes and erroneously determined that one statute concerned itself with actually driving the motor vehicle, and the other statute concerned itself with “operation” of a motor vehicle. It committed grievous error when it instructed the jury that the “operation” of a motor vehicle was a lesser included offense of “driving” a motor vehicle.
Was the jury confused? It certainly was. During its deliberation, it sent out a question to the court, asking the following:
“What is the definition of ‘driving’ while under the influence of alcohol? And does this differ from ‘operation of a motor vehicle by a person with alcohol concentration of 0.10 or more?’ ”
The District Court answered the question to the effect that “the instructions that have been given contain the law that defines these offenses.” Again the District Court committed an egregious error.
Having been so erroneously instructed, and so erroneously answered, as might be expected, the jury returned a baffling verdict. It found Sharp “not guilty of the offense of driving while under the influence of alcohol a misdemeanor,” but “guilty of the offense of operation of a motor vehicle by a person with alcohol concentration of 0.10 or more.”
The District Court, having first erred by charging the defendant with an offense not stated in a complaint, information, or an indictment, compounded the error by determining that “operation” of a motor vehicle is a lesser included offense of “driving” a motor vehicle. This in spite of the fact that in each of the two statutes that relate to driving under the influence of alcohol, there is also included the “actual physical operation” of a motor vehicle.
Section 46-11-501, MCA, defines what is an “included offense” under our State statutes. The offense is included when it is established by proof of the same or less than all the facts required to establish a commission of the offense charged, or a lesser kind of culpability suffices to establish its commission.
As is demonstrated above, a crime of “operation” of a motor vehi *52 cle by driving or being in actual physical control of a vehicle with a blood alcohol concentration of 100 milligrams per 100 milliliters or more cannot be a lesser included offense of the crime described in Section 46-11-401, MCA, driving or being in actual physical control of a motor vehicle under the influence of alcohol, because under the latter crime, a conviction may be had if the blood alcohol concentration is 50 milligrams per 100 milliliters. In other words, it takes a greater degree of proof or a greater degree of culpability to establish the “operation” crime than the “driving crime” as described by the District Court.
“A lesser included offense exists when all of the elements of the lesser offense are necessary elements of the greater offense. Put another way, if it is possible to commit the greater offense without having committed the lesser offense, the latter is not an included crime.” State v. Roybal (1973), 82 Wash.2d 577, 512 P.2d 718.
It should be apparent that Sharp has been subjected to double jeopardy in this case. Section 46-11-503, MCA. The offenses under Sections 61-8-401 (driving) and 61-8-406, MCA, (operation) were known to the attorney prosecuting the case in the justice court, were consummated prior to the original change and jurisdiction and venue of both offenses lay in the justice court. A judgment of conviction for driving under the influence of alcohol second offense was obtained in the justice court. That conviction was reversed by the jury in the District Court. Charging him in the District Court on the appeal with criminal operation constituted a new charge based upon the same transaction which could and should have been prosecuted in the justice court. Double jeopardy attaches to the conviction of “operation” in the District Court.
Again, Sharp has been deprived of a State Constitutional right, the right not to be “again put in jeopardy for the same offense previously tried in any jurisdiction.” Art. II, Section 25, 1972 Montana Constitution.

Speedy Trial

Under State v. Knox (Mont. 1984), [207 Mont. 537,] 675 P.2d 950, 41 St.Rep. 126, a misdemeanor charge must be dismissed if the defendant’s trial, following appeal from the conviction in the justice court, is not brought to trial speedily. Here the appeal was filed February 23, 1984 and trial commenced October 1, 1984, a lapse of 220 days. A motion was made to dismiss for lack of speedy trial and the *53 trial court record does not show the disposition of that motion. The trial court record does reflect that there was a denial of the motion to suppress, based upon a purported stipulation, but the stipulation is not contained in the District Court file. I therefore would accord no respect to the order denying the motion to suppress and determine that the lapse of 220 days exceeded the permissible six months to bring this case to trial.
This case is a disgrace to the administration of criminal justice. The defense attorney did not raise the objections I have stated here, the county prosecutor did not charge the defendant in the justice court with all of the offenses chargeable under the laws at the time, and the District Court compounded the errors either by disregarding the statutes or not reading them. The defendant’s conviction should be reversed as a lesson to all concerned. Otherwise this Court continues the disgrace.