[Crim. No. 2245. Second Appellate District, Division Two.—January 20, 1933.]

THE PEOPLE, Respondent, v. CLARENCE B. WALDEN, Appellant.

William I. O'Shaughnessy for Appellant.

U. S. Webb, Attorney-General, and James S. Howie and John D. Richer, Deputies Attorney-General, for Respondent.

STEPHENS, J.—Defendant Walden was convicted of robbery after a trial before a judge and jury. A new trial was denied by the judge and sentence was pronounced. Defendant appeals from the denial of his motion for a new trial and from the judgment had on the verdict.

Appellant advances seven points upon which he asks a reversal of the case. Points I, II, IV, V and VI are based upon alleged misconduct of a deputy district attorney during the trial. Point III is based upon an alleged error of the court in the course of trial. Point VII is based upon a claim that the evidence does not support the verdict. We shall hereafter refer to appellant as defendant.

■ A bank was robbed by several men and a partial identification was had of defendant as one of the robbers, though it cannot be said that this partial identification was sufficient, standing alone, to justify a conclusion by the jury that the defendant was one of the robbers. An identification of defendant's automobile was had as the car that drove from the scene of the robbery immediately after its commission, with the robbers therein. A substantial part of a quantity of express money orders that had been stolen from the bank at this robbery was found hidden back of the radiants of a gas heater in defendant's home. There were other connecting and circumstantial matters in evidence. On some of these matters there was conflicting evidence. We think there is no question but that the evidence was sufficient upon which to base the verdict and the action of the judge in denying a new trial, and we so hold. This disposes of point VII.

■ The error that defendant complains of in point III is that the deputy district attorney asked one of the People's witnesses whether or not defendant had another car and the witness replied that defendant drove a Chrysler. The witness was also asked about his activity regarding repairs on defendant's car. These questions were objected to as irrelevant and immaterial and the court permitted them to be answered, holding that they would be proper as testing the memory of the witness. We think no error was com-

mitted, but aside from that we fail to discern any prejudice to defendant.

The other points refer to asserted misconduct of the deputy district attorney.

■ Point I. In answer to a question by the deputy district attorney of a witness, the witness replied that he asked the defendant if he was Peppy Warren and defendant answered that he was. No objection was made or misconduct assigned. Later the deputy district attorney again referred to the use by defendant of that assumed or *alias* name. To this the defendant objected and assigned the incident as misconduct. The court made the following remark: "In view of the testimony already in I do not see that it is misconduct. The jury will be instructed to disregard it." We think no prejudice was suffered by the defendant by the incident. (*People* v. *Williamson,* 72 Cal. App. 52 [236 Pac. 355].)

■ Point II. The deputy district attorney asked a witness if he had taken the defendant to several persons and asked if he could be identified by them as the person who had cashed some of the stolen checks or whether such checks had been presented by someone who had been connected with defendant. The reply was to the effect that no one had so identified defendant. No objection was interposed and no assignment of misconduct was made at the time or during the course of the trial. We think no prejudice was or could have been suffered by defendant by the incident.

■ Point IV. The deputy district attorney in open court accused the attorney for defendant of shaking his head in such a manner as to suggest the required answer of a witness. Defendant assigns this remark as error and misconduct. The court promptly instructed the jury that they were not to draw inferences from statements or objections of counsel, and nothing further was done in the premises. No prejudice to the rights of defendant resulted from the incident. (*People* v. *Ong Mon Too,* 182 Cal. 697, 704 [189 Pac. 690], and *People* v. *Beggs,* 178 Cal. 79, 90 [172 Pac. 152].)

■ Point V. In the course of the final argument the deputy district attorney said: "Well, if witnesses have got

anything to say, I like to hear them say it from the witness stand. There was one of the witnesses who testified for the defendant; he is the one, I think, of the two witnesses that testified anything that was worth anything as the facts in the case; and he was not here. That was Mr. Widener. I will talk about that question later on, too. He was out of the state. I don't know whether conveniently so or not. Perhaps he thought he had testified before, and that was enough, and let it go at that. I would like to ask him a few questions. Perhaps things he might have overlooked, or been hazy about when he testified before; but we did the best we could; so his testimony was read, between Mr. O'Shaughnessy and myself.'' With commendable candor the deputy attorney-general states that this statement should not have been made but thinks that it was not of such seriousness that the case should be reversed because of it. In all of this we agree with the deputy attorney-general. No objection was made at the time the statement was made and we are of the opinion that the statement, rambling as it was, meant little more than an expressed regret that all of the witnesses could not have been presented to the jury. In the circumstances, and considering the instructions that had been given during the trial (see Point IV), and in the final instructions that the jury's conclusions were to be formed from the testimony actually introduced during the trial, and that inferences were not to be drawn from statements or objections of counsel, we think no prejudice resulted to defendant.

Point VI. In the course of his argument the deputy district attorney referred to several criminal cases in the recent history of the state. The defendant assigns this as error. But the record discloses that defendant's counsel had referred to other criminal prosecutions in his own argument, seeking to suggest to the jury that perhaps unjust or mistaken prosecutions had taken place. The deputy district attorney, in reply, referred to cases which he claimed were justly prosecuted. Neither of the attorneys were pursuing a high type of argument to a jury where the liberty of a man was dependent upon testimony then before that jury. However, we think no prejudice was suffered by the defendant therefrom.

Perhaps no criminal case is ever tried where the ideal is maintained unqualifiedly. Naturally in the heat of contest and in the enthusiasm of argument the strict rules of conduct are sometimes overstepped. Were all such cases reversible therefor, the administration of the criminal law would break down completely through niceties of requirements too fine for practical application. The true test is whether or not the defendant has been given a fair trial, the law and the ordinary and common traits of human nature considered. That the defendant who is the appellant here has been given such a fair trial we entertain no doubt.

The denial of the motion for a new trial and the judgment pronounced upon the verdict are affirmed.

Works, P. J., and Craig, J., concurred.