STATE OF MONTANA, Plaintiff and Appellant, v. JAMES
ROBERT HOUCHIN, JR., Defendant and Respondent.

No. 11273.
Submitted May 8, 1967. Decided June 15, 1967.
428 P.2d 971.

504

Forrest H. Anderson, Atty. Gen., Helena, Marshall Candee, County Atty., Libby, Charles M. Joslyn, Asst. Atty. Gen. (argued), Helena, for appellant.

Murphy, Robinson, Heckathorn & Phillips, Kalispell, C. Eugene Phillips (argued), Kalispell, for respondent.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

This is an appeal by the State from an order granting a new trial after a jury had found the respondent guilty of petit larceny and two prior convictions.

This is a companion case to State v. Armstrong, 149 Mont. 470, 428 P.2d 611, decided by this court on June 2, 1967. In the Armstrong case, supra, a rather lengthy statement of facts was set forth and is referred to in considering this case. Only those additional facts as are particular to this case will be set forth.

The trial of the respondent was held approximately one week after his companion Armstrong had been convicted, after a jury trial, of petit larceny with two prior convictions and sentenced to two years in the State Penitentiary. At this trial a button that was found at the scene of the telephone line cutting was introduced without objection. It matched a button on the coat the respondent was wearing at the time of his arrest.

Three buttons were missing on the coat but one remained which was used for comparison with the above-mentioned button. As at the trial of Armstrong, the State offered into evidence the horseshoe nippers found in the pickup respondent was driving, but unlike the Armstrong case the trial judge refused the admission into evidence of such nippers. A deputy sheriff testified here that after the Armstrong trial he had talked with a Mr. Elletson, who owned and had loaned the pickup to the respondent, and that he had been informed by Mr. Elletson that all the tools recovered from the vehicle, including the horseshoe nippers, were not his property.

Further, at this trial the State offered to prove that Martha Houchin, respondent's wife, had guided two deputies to the location of 4,100 feet of missing telephone wire to which the respondent objected on the ground that her testimony was privileged, that it was not within any of the exclusions or exceptions of the hearsay rule and that no proper foundation had been laid. The trial court sustained the objection to the entrance of the recovered 4,100 feet of wire, but did not specifically state his reason. At the conclusion of the State's case, the respondent moved (1) that the court instruct the jury to return a verdict of not guilty on the grounds and for the reasons that there had been an utter failure of proof on the part of the State; (2) that as an alternative, to advise the jury to return a verdict of not guilty on the grounds that the state of proof is such that if the jury returned a verdict of guilty the verdict would have to be set aside; and (3) that as an alternative to the foregoing, to remove from the case the element of grand larceny on the ground that there was a total failure of proof as to the value of the property in Lincoln County, Montana, the place where the same was stolen. The court denied all three motions. The jury found respondent guilty of petit larceny.

Respondent filed a motion for a new trial which resulted in a full scale hearing.

It is noteworthy that little evidence was produced support-

ing the motion for a new trial. However, the trial judge in reconsidering several rulings he had made during the course of the trial granted a new trial for the following reasons: (1) That the court misdirected the jury in a matter of law and has erred in a decision of a question of law arising during the course of the trial; and (2) that the verdict is contrary to the law and the evidence.

The appellant (the State) set forth three specifications of error for our consideration contending that the court erred in:

(1)    granting respondent's motion for a new trial;

(2)    not allowing the testimony of Deputy Sheriff Fisher that he was guided to the location of the wire by respondent's wife; and

(3)    not allowing State's exhibit 7, the horseshoe nippers, to be admitted into evidence.

Specifications of error 2 and 3 will be first considered for it was in the exclusion of the evidence set forth in these specifications that the trial court created the situation wherein the appellant's case was short on proof.

We agree with the appellant that the trial court committed error in not allowing into evidence the testimony of the deputy sheriff that he was guided to the location of the wire by the respondent's wife.

The offer of proof by the appellant was to the effect that Martha Houchin accompanied the deputy and pointed out the location of the wire. The offer was limited solely to the fact and that it would not include testimony of any extra-judicial statements of the wife.

Our statute section 94-8802, R.C.M.1947, provides:

"Except with the consent of both, or in cases of criminal violence upon one by the other, or in case of abandonment, or neglect of children by either party, or of abandonment or neglect of the wife by the husband, neither husband nor wife is a competent witness for or against the other in a criminal action or proceeding to which one or both are parties."

Applying the fact situation here, and strictly construing the statute, it is apparent that this statute is not applicable to the defense for here the wife was not called as a witness. The trial court's rule on the exclusion went to testimony of the deputy sheriff who would have testified that the wife of the respondent accompanied him to the area where the wire was recovered, and such testimony should have been allowed. Respondent also objected to the offer of proof on the grounds that it was hearsay testimony. We find no merit to this contention for the reasons above set forth that here the wife did not testify. The privilege accorded to husbands and wives in this state extends to communications only, that is utterances and not acts. See 10 A.L.R.2d 1395.

To the appellant's third specification of error, that the court erred in not allowing the horseshoe nippers into evidence, we find merit.

Here the respondent rests his position on the exclusion of the evidence squarely on Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964), acknowledging that Preston under the specific language contained therein, might dictate a reversal in this case, the United States Supreme Court in Cooper v. State of California, 386 U.S. 58, 87 S.Ct. 788, 17 L. Ed.2d 730 (Feb. 20, 1967), has now elaborated on the meaning of that decision. If Cooper does not overrule Preston sub-silentio, as contended by the dissent in Cooper, it does very clearly ingraft on the Preston rule an extension of the traditional concepts under which the search of automobiles may be conducted without a warrant.

Insofar as the Federal Constitutional principles apply, an automobile may be searched by the police at a time and place remote from the arrest, providing the police have valid custody of the automobile at the time, and providing the arrest is valid, and providing the search is made for the fruits of the crime or evidence relating to the crime for which the accused was validly arrested. See also recent United States Supreme

Court case, Warden, Maryland Penitentiary v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (May 29, 1967).

Here the sheriff had valid possession of the pickup, used by respondent who was legally arrested, and the search of the pickup specifically related to the crime for which he was arrested . We do not find that our Constitution requires a more restrictive rule with respect to automobiles than that applied under Federal Constitutional standards as set forth by the United States Supreme Court. We therefore find the search to have been a reasonable one in this case.

Turning to the first specification of error the district court was in error in granting a new trial for the reasons expressed in the court's memorandum, but in view of the errors occurring upon the trial which we have discussed, a new trial must be had.

Cause is remanded to the district court for a new trial.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR and DOYLE concur.

MR. JUSTICE CASTLES specially concurring:

I concur in the result. The District Court's discretion in granting of a new trial will not be interfered with unless a manifest abuse of discretion appears; or put another way that there is no basis for exercising any discretion. I believe that a complete discussion of the facts and evidence presented in this case, aside from the Opinion's reference to the Armstrong case, would indicate to the reader that, in spite of the verdict of guilty, a new trial was in order because of the District Court's errors on the admission of evidence.