No. 12302

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

---

THE STATE OF MONTANA, ex rel., MICHAEL ALAN WILSON
and GREGORY JAMES HOFFER,

Relator,

-vs-

THE DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT
OF THE STATE OF MONTANA, IN AND FOR THE COUNTY OF
LEWIS AND CLARK, AND THE HONORABLE GORDON R. BENNETT,
PRESIDING JUDGE,

Respondents.

---

Original Proceedings.

Counsel of Record:

For Appellant:

Robert J. Sewell, Jr., Helena, Montana, argued.

For Respondent:

Robert L. Woodahl, Attorney General, Helena, Montana 59601.
J. C. Weingartner argued, Assistant Attorney General,
  Helena, Montana 59601.
Lief B. Erickson argued, Deputy County Attorney, Helena,
  Montana 59601.
Thomas F. Dowling, County Attorney, Helena, Montana 59601.

---

Submitted: June 21, 1972

Decided: JUL 12 1972

Filed: JUL 12 1972

<u>Thomas J. Kearney</u>
                              Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an original proceeding wherein relators Michael Alan Wilson and Gregory James Hoffer seek a writ of supervisory control, on application from the district court of the first judicial district, county of Lewis and Clark, Hon. Gordon R. Bennett presiding.

The facts are: At approximately 1:57 a.m., Monday, May 1, 1972, Michael Alan Wilson was apprehended in the company of Gregory James Hoffer by four Helena city police officers in the lumber yard of the Peterson Lumber Company in the city of Helena. The officers were responding to a telephone call indicating that a disturbance was in progress at the lumber company. After their apprehension, Wilson and Hoffer were transported to the Helena police station where they were booked for first degree burglary of Peterson Lumber Company.

Shortly after 2:00 a.m., Wilson called his wife to inform her that he had been arrested and would be held in jail overnight. At approximately 3:15 a.m., Mrs. Wilson called the police station and inquired as to the whereabouts of the family car, a red Volkswagen. She spoke with Sgt. Sanguine, one of the arresting officers, who asked Wilson where the car was located as his wife was inquiring. Wilson told the officer the location of the car. Sgt. Sanguine then informed Mrs. Wilson the car had been impounded and she would have to see the chief of police the next morning. The officers then returned to the scene, located the vehicle, drove it to the police garage and there it remained until May 3, 1972.

At approximately 4:08 a.m. the morning of the arrest, while on routine patrol, Sgt. Sanguine noted that an overhead

- 2 -

garage door at the Mt. Helena Distributing Co. was damaged.
Further investigation revealed that a panel had been broken out
and from the appearance of the premises entry had been gained.
The owner was notified and a preliminary inventory indicated
that three cases of beer had been taken from a truck immediately
inside the door. The cases could be readily identified by a
serial number which was marked on each of the cases, since none
of the beer with that number had been distributed to retail
outlets. These serial numbers allegedly match the serial numbers
on three cases of beer found in the Wilson vehicle.

On May 1, 1972, the county attorney's office was granted
leave to file an Information charging Wilson and Hoffer with
the crime of "burglary" of Mt. Helena Distributing Co. On May 3,
1972, the Helena city police department obtained a search warrant
for the Wilson vehicle to search for and seize various items
allegedly connected with the burglary of Mt. Helena Distributing
Co., for which Wilson and Hoffer had been charged in district
court, and for items taken in other break-ins which had occurred
in recent weeks. The search was conducted, a return filed,
and various items of property were ordered retained as evidence
by the Helena police department.

On May 4, 1972, Wilson appeared in district court and
entered a plea of "not guilty" to the Information filed against
him. The trial court had previously appointed Robert J. Sewell,
Jr. to represent both defendants. On May 8, 1972, a trial date
for Wilson was set for May 22, 1972. On May 12, Sewell filed
five motions. Here, we note that the motions filed by counsel
were filed under the case title "The State of Montana vs. Gregory
James Hoffer and Michael Alan Wilson", but were addressed to the
court only in the name of Wilson. We shall consider them as motions
filed for both defendants. These motions were:

- 3 -

1. Motion to suppress evidence illegally obtained.

2. Motion for continuance.

3. Motion to quash Information.

4. Motion to quash search warrant.

5. Motion for severance of defendants.

On May 15, 1972, the trial court set the time for arraignment of Gregory James Hoffer for May 22, 1972, and on the following day changed the trial date for Wilson "without date".

Following the filing of briefs, Judge Bennett heard arguments on the motions on June 2, 1972, and denied all five motions, as against both defendants. It is from denial of these motions that application is now made to this Court for a writ of supervisory control.

First, we direct our attention to whether or not the trial court erred in denying defendants' motion to quash the Information as it concerns defendant Hoffer. We have carefully reviewed the record as it concerns Hoffer and fail to find that a showing was made for probable cause to grant a leave to file an Information against him for the Mt. Helena Distributing Co. burglary. Section 95-1301, R.C.M. 1947. At the time of the filing of the leave to file an Information no affidavit was made by the county attorney indicating what evidence he had against Hoffer that would warrant an Information charging him with the burglary of the Mt. Helena Distributing Co. State ex rel. Wicks v. Dist. Ct. _____Mont._____, _____P.2d _____, 20 St.Rep. 506; Petition of Gray, 155 Mont. 510, 473 P.2d 532.

Hoffer was arrested with Wilson at the Peterson Lumber Company and booked by the Helena police department on the charge of burglary of the lumber company, but that charge is not before us. The evidence concerning the burglary of the Mt. Helena Distributing Co. was obtained from Wilson's car, impounded several

hours after the arrest at the Peterson Lumber Company. Other than being with Wilson when he was arrested, we find no evidence in the record involving Hoffer on the charge before the trial court, the burglary of Mt. Helena Distributing Co. State v. Logan, 156 Mont. 48, 473 P.2d 833; State v. Dunn, 155 Mont. 319, 472 P.2d 288; State ex rel. Glantz v. Dist. Ct., 154 Mont. 132, 461 P.2d 193. The proceedings against relator Hoffer should be dismissed since probable cause for his arrest for burglary of the Mt. Helena Distributing Co. did not exist.

Relators in petitioning this Court for a writ of supervisory control raise four issues for consideration. In view of our preceding discussion as to relator Hoffer we consider relators' issue No. 4, that the motion for severance of defendants for trial purposes should have been granted, to be moot.

We now consider the remaining issues as they concern relator Wilson. Those issues are:

1. Whether the Information should be quashed on the basis:
   a. there was no probable cause for granting motion to file;
   b. it does not state a public offense;
   c. the charge stated is not stated in such language that a person of "common understanding" could determine what was charged, or
   d. the time of the offense is not stated as definitely as can be done.

2. Whether the search warrant issued by the district court should be quashed on the basis that there was no probable cause for its issuance.

3. Whether all evidence seized should be suppressed on the basis that it was seized pursuant to an invalid search warrant and not seized as an incident to a lawful arrest.

- 5 -

Issue 1. Relator argues the Information on file should be quashed on the grounds that it does not state a public offense; it does not conform to the requirements of Montana law regarding charging of an offense; and leave was granted to file the Information without sufficient probable cause being shown for its issuance.

We find no merit to the contention the Information was not proper. The question of charging a particular degree of burglary has been decided by this Court in previous cases. State v. Board, 135 Mont. 139, 337 P.2d 924. This Court has held that there is no necessity to specify the degree of crime in the charge. However, on a specific charge of first degree burglary, there may not be a conviction for second degree burglary.

The Court finds that the county attorney presented sufficient evidence to the trial court to warrant the granting of leave to file an Information charging relator Wilson with burglary, and satisfied the judge that there was sufficient probable cause.

Burglary, as set forth in section 94-901, R.C.M. 1947, is the crime which must be charged. The question of degree need not be charged. Whether it is first or second degree burglary is a question for the jury, based on the evidence. Relator alleges that he will be surprised by the evidence if the time of the crime is not specifically stated. The Court finds that relator has available to him several means of discovery which he may utilize to prevent surprise.

The test of the sufficiency of an Information is whether a person of common understanding would know what is intended to be charged. Or, stated another way, whether the defendant is apprised of the charges brought against him and whether he will be suprised and unable to prepare a defense. State v. Bogue, 142 Mont. 459, 384 P.2d 749.

We hold that the Information and charge against Wilson now under consideration, meet the sufficiency test and are in conformance with the requirements of section 95-1503, R.C.M. 1947. It must be kept in mind that section 95-1503 is a general statute covering all criminal charges and cannot be relied on by relator as requiring more particularity where a burglary charge is alleged, than when any other felony is alleged. 18 Montana Law Review 86, 89.

Issue 2. Section 95-704, R.C.M. 1947, provides that a judge may issue a search warrant if sufficient facts are presented showing probable cause. In this instance there was sufficient probable cause to support the decision to issue the search warrant. The thing to be searched was particularly described, i.e. "1967 Volkswagen 2-door, red in color, no license plates, Vehicle Identification No. 117 537 00 * * *". The things to be seized were particularly described, i.e. "3 12-packs Olympia beer, Code #L096 * * *", etc. Probable cause was shown---that the three 12-packs of Olympia beer and one case of Lucky beer were taken from a truckload shipment bearing similarly marked cases and they had been seen in the Volkswagen by observation through the window.

In addition, a hearing on the application for issuance of a search warrant was had in the district court. Captain Laible of the Helena police department testified in support of the application for a search warrant. We find that the affidavit presented to the district judge with the application for a search warrant, plus the testimony in support of its issuance, provided sufficient probable cause and was proper in every respect. The requirements set down by this Court in State v. Troglia, 157 Mont. 22, 482 P.2d 143, have been complied with.

We further note and cite with approval from the recent opinion United States v. Mitchell, 458 F.2d 960, 961, Ninth Circuit

Court of Appeals, April 11, 1972, where that court reversed an order suppressing evidence.

Mitchell was arrested for speeding in the early hours February 5, 1971. He was driving an out-of-state car and at the time was a parolee. Because he was unable to post bond he was confined in the city jail. Following standard police procedure, a patrolman was instructed to take the car to the city impounding lot. Upon entering the car the patrolman noted a partially opened sample case on the front seat on the passenger side. He also observed some valuable watches on the seat and on the floor. Upon arrival at the lot, the officer put the watches in the sample case and in the process noted a weapon in the case. When charged with possession of a weapon by a felon, Mitchell moved to suppress its admission into evidence.

In reversing the order of suppression, the Circuit Court discussed several recent United States Supreme Court cases which found that this type of search is not illegal. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L ed 2d 564; Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L ed 2d 1067; Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L ed 2d 685; Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L ed 2d 777.

In Mitchell, the Circuit Court said, relying on Harris:

"This reasoning might easily lead to a conclusion that reasonable measures taken to protect an impounded car and personal property in plain sight within it are not a search within the scope of the Fourth Amendment. However, it is not necessary for us to reach the issue of whether this police conduct was a search. It is enough to hold that under the facts of this case the action of the patrolman in safeguarding valuable property in plain sight in a lawfully impounded car was reasonable, and hence not prohibited by the Fourth Amendment. That amendment, of course, does not prohibit all searches; it forbids only unreasonable searches, United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L ed 653; United States v. Novick, 450 F.2d 1111 (9th Cir. 1971)."

See also State v. Houchin, 149 Mont. 503, 428 P.2d 971.

- 8 -

Issue 3. Finding that the search warrant was proper in all respects, we summarily dispose of relator's third issue that the seizure of the evidence cannot be considered as incident to a lawful arrest. Based on our decision that the search warrant was valid, we hold this issue to be no longer germane.

As to relator Wilson, the law and the proceedings of the district court are sustained and the petition for a writ of supervisory control is denied in all particulars.

As to relator Hoffer, it is hereby ordered that the cause be returned to the district court with instructions to dismiss the criminal charges against him in its cause No. 3687, State of Montana v. Michael Alan Wilson and Gregory James Hoffer.

_____
Associate Justices

We Concur:

_____
Chief Justice

_____

_____

_____
Associate Justices.

- 9 -