No. 12382

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

DAVID LEE STEWART,

Defendant and Appellant.

---

Appeal from: District Court of the Fourteenth Judicial District,
Honorable Nat Allen, Judge presiding.

Counsel of Record:

For Appellant:

James Reno argued, Billings, Montana
Joseph E. Mudd argued, Billings, Montana

For Respondent:

Hon. Robert L. Woodahl, Attorney General, Helena,
Montana
J. C. Weingartner, Assistant Attorney General, argued,
Helena, Montana
Roy C. Rodeghiero argued, Roundup, Montana

---

Submitted: February 28, 1973

Decided: MAR 16 1973

Filed: MAR 16 1973

Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This is an appeal from the district court of the fourteenth judicial district in Musselshell County with the Honorable Nat Allen presiding. The defendant is appealing from a jury verdict finding him guilty of the crime of burglary in the second degree and a denial of the defendant's motion for a new trial.

From the record it appears that John W. Owen resided on a ranch in Musselshell County, and arrived home from work about 6:30 p.m. on July 6, 1972 and remained there until 7:00 p.m. At this time his home was in order, nothing was missing. Owen then went to his uncle's house and returned to his home at approximately 9:45 p.m. Owen testified that he was going to lie down and watch television before going to bed, and at this point he realized that his television was missing.

Owen changed clothes and was preparing to go to Roundup to report the theft when he heard a knock at his back door. Owen answered the knock; however, no one was there. Another knock was heard at the front door which, when answered, produced the defendant David Lee Stewart. Stewart, according to Owen's testimony, was "standing there with long straggly hair and a shirt with red and white stripes on it and he had a knife in his hands, or it was mostly concealed by the palms of his hands, over the sheath of the knife which the blade was in, and the other palm of his hand had the handle of it and it seemed to be predominantly leveled to me."

Stewart told Owen that Stewart's friend had stolen Owen's television and stereo and had lost the keys to his car. Stewart promised Owen that if he could help locate the keys that he would return the stolen articles. Stewart, with the aid of Owen's flashlight, began looking for the keys in the house--directing his investigation to those areas where the television and stereo were formerly located.

Owen went to his uncle's house to obtain another flashlight, however, he also borrowed his uncle's shotgun. Owen then returned to Stewart, who

was waiting by his automobile several hundred yards from Owen's house. Stewart had still not located the keys to his automobile. Holding the shotgun in his hand, Owen stated that he did not believe Stewart's story, and Owen wanted to know who Stewart's friend was that took his stereo and television. Stewart refused to identify his friend. Owen, to demonstrate his sincerity in getting to the basis of the robbery, fired one barrel of his shotgun, the volley of pellets being directed at the defendant's side. Stewart still was unwilling to volunteer any information in regard to the details of the robbery. Owen fired another shotgun blast, but the pellets were directed at the other side of Stewart. Stewart still refused to give any information in regard to the robbery. Owen procured the local law enforcement personnel who, with the help of Owen and his friend, apprehended the defendant and recovered the television and stereo from the vicinity of Stewart's automobile.

Four issues are presented to this Court for review. First, did the district court err in granting the state's motion to amend the charge in the information from burglary in the first degree to burglary? Second, did the district court err in proceeding with the trial? Third, did the district court err in denying defendant's motion for a directed verdict? Fourth, did the district court err in refusing to give defendant's offered instructions Nos. 6, 7, 8, 9, 10, and 11?

First, the district court did not err in granting the prosecution's motion to amend the charges in the information from burglary in the first degree to burglary. As the record indicates, the defendant was charged with burglary in the first degree. On the day set for trial the prosecution amended the charge to burglary. The defendant objected to this, claiming that the substance of the charge was substantially changed. This objection was overruled. Defendant now contends that the court erred in permitting the information to be amended.

This Court has just recently held that an information may charge a

defendant with the crime of burglary. State ex rel. Wilson v. District Court, 159 Mont. 439, 498 P.2d 1217, 29 St.Rep. 523. In the instant case the prosecution did just that, leaving the question of the degree of burglary to the jury. The question to be decided by this Court is whether the amended information charged a crime different in nature from that previously charged, and if such amendment sufficiently apprised the defendant of the charges against him.

The crime charged is the same, i.e., burglary. The elements of the crime are the same. The proof to the crime would remain the same. The only difference between the two charges would be the degree of the crime, which must be determined by the jury. The amendment of the information did not surprise the defendant and did not prohibit him from preparing his defense against the crime.

Defendant claims he was prejudiced by the district court's holding, but he has failed to show how this alleged error affected any of his substantial rights. The prosecution and defense both thoroughly investigated the incident. As the transcript shows, all the evidence presented firmly shows how and when the burglary transpired. All the evidence and testimony support the prosecution's case.

The original information charged the defendant with burglary in the first degree: that is, during the nighttime. If this charge had been allowed to stand the prosecution would have had to prove beyond a reasonable doubt that the defendant committed the burglary during the nighttime. If the prosecution could not do this, or the jury believed that the defendant did commit the burglary but that he did the act during the daytime, then the defendant would have to be acquitted of the charge against him. On a specific charge of first degree burglary there may not be a conviction for second degree burglary. State ex rel. Wilson v. District Court, supra. Second degree burglary is not a lesser included offense of first degree burglary.

Section 95-1505(b), R.C.M. 1947, permits the charge against the accused

- 4 -

to be amended at any time provided " * * * no additional or different offense is charged and if the substantial rights of the defendant are not prejudiced." No additional or different offense was charged by allowing the amendment; the crime was the same, the offense was the same, and only the degree of the crime was altered. The defendant has not shown how any of his substantial rights were prejudiced, nor has he shown any surprise or inability to prepare a defense because of the district court's holding.

A point was brought out in oral argument before this Court that is worthy of note. On the Friday before the trial, the county attorney of Musselshell County informed the defense counsel that the charge would be amended from first degree burglary to burglary.

The second issue raised on the appeal is, did the trial court err in proceeding with the trial? The defendant maintains that the district court erred in allowing the information to be amended and further erred when the district court proceeded with the trial without giving the defendant the chance to enter a plea to the amended information.

Defendant did not enter a plea to the charge of burglary, although he had entered a plea of not guilty to the charge of first degree burglary. The defendant did not request the court to allow him to enter a plea to the amended charge. If the defendant believed that he could have properly entered a plea to the charge of burglary, and if he further believed that the failure of the court to have him enter a plea violated his substantial rights, Stewart should have brought this matter to the attention of the district court. An elementary principle of law exists that states if a plea is not entered by the defendant the court will enter a plea of not guilty for him. Section 95-1606(e), R.C.M. 1947. The defendant, if he desired to plead guilty, could have pled guilty at any time. Section 95-1902, R.C.M. 1947. No error was committed in not allowing the defendant to enter a plea to the amended information.

The third issue presented to this Court is whether or not the trial court erred in denying defendant's motion for a directed verdict.

The rule with regard to the granting of motions for directed verdicts was stated by this Court in State v. Yoss, 146 Mont. 508, 514, 409 P.2d 452:

> "A directed verdict in a criminal case in this jurisdiction is given only where the State fails to prove its case and there is no evidence upon which a jury could base its verdict."

In considering whether the district court erred in refusing to grant the defendant's motion for a directed verdict the evidence must be viewed in a light most favorable to the prosecution. State v. Peschon, 131 Mont. 330, 310 P.2d 591.

Here witnesses testified as to the incidents that followed the discovery of the missing articles. The district court was correct in submitting the case to the jury. This Court also notes that when substantial evidence in the district court record supports the verdict we will not disturb the district court's findings on appeal. State v. Walker, 148 Mont. 216, 419 P.2d 300.

The fourth issue raised by the defendant is that the district court erred in refusing to give defendant's offered instructions Nos. 6, 7, 8, 9, 10 and 11.

Proposed instruction No. 6 would have instructed the jury that defendant was charged with burglary in the first degree. This is not true. Defendant was charged with burglary and the degree of the crime was left for the jury to determine.

Proposed instruction No. 7 would have instructed the jury that, as a matter of law, they cannot find the defendant guilty of first degree burglary but that they could find him guilty of second degree burglary. This is not true. Defendant was charged with burglary--the jury had the duty to assess the degree of the crime.

Proposed instruction No. 8 was an instruction regarding intent to commit a felony. This instruction was previously covered by instructions numbered 7, 8, 9 and 10.

Proposed instruction No. 9 was given. Defendant cannot claim error when one of his offered instructions is given.

Proposed instruction No. 10 would have instructed the jury that even if they did find that defendant committed the burglary, they must return a verdict of not guilty if they believed the burglary was committed in the day-time. This is not true. Defendant was charged with burglary. The degree of burglary had to be decided by the jury.

Proposed instruction No. 11 would have instructed the jury that defendant was charged with first degree burglary and in order to find him guilty they must find that the burglary was committed during the nighttime. This was not true and it was proper to return a verdict of second degree burglary.

The Court finds that the district court did not err in refusing to give these instructions.

The judgment is affirmed.

----------------------------------------
Chief Justice

We concur:

----------------------------------------

----------------------------------------

----------------------------------------
Associate Justices

- 7 -

Mr. Justice Frank I. Haswell and Mr. Justice Gene B. Daly dissenting:

We respectfully dissent to the view of the majority.

While the majority seem to tacitly recognize that Montana statutes prohibit an amendment of the charge in a matter of substance after defendant enters his plea, they reason that the difference between a charge of first degree burglary and second degree burglary is simply a matter of form. The difficulty with this approach is that it does not square with Montana statutes which treat the two as separate, independent and distinct crimes. The essential elements of the two crimes are different, first degree burglary requiring commission in the nighttime, while second degree burglary requires commission in the daytime. Section 94-902, R.C.M. 1947. A person cannot be convicted of second degree burglary under a charge of first degree burglary, the former not being a lesser included offense in the latter. State v. Copenhaver, 35 Mont. 342, 89 P. 61, cited with approval in State v. Board, 135 Mont. 139, 337 P.2d 924; State ex rel. Wilson v. Dist. Ct., 159 Mont. 439, 498 P.2d 1217. The punishment for the two crimes is different, one to fifteen years imprisonment in the state prison for first degree burglary as compared with not more than five years imprisonment for second degree burglary. Section 94-903, R.C.M. 1947. Are these differences simply matters of form without substance?

Additionally, the majority hold that the defendant was not prejudiced by what was done here because no substantial right of his was violated. In our view, this rationale ignores the whole constitutional and statutory framework of fair trial guarantees on which our system of criminal justice is bottomed. To put the matter in perspective, the issue for review in this case is not the ultimate guilt or innocence of the defendant, but whether he had a fair trial. Here on the day of trial the defendant was stripped of a clear and absolute defense to the original charge by reason of the amendment, and denied a continuance to prepare a defense to the amended charge. In our view, fair trial guarantees were sacrificed on the altar of trial convenience and expediency in this case.

For these reasons, we would grant the defendant a new trial.

_____

_____
Associate Justices

- 8 -