MR. JUSTICES HASWELL and DALY
(dissenting):
We respectfully dissent to the view of the majority.
While the majority seem to tacitly recognize that Montana statutes prohibit an amendment of the charge in a matter of substance after defendant enters his plea, they reason that the difference between a charge of first degree burglary and second degree burglary is simply a matter of form. The difficulty with this approach is that it does not square with Montana statutes which treat the two as separate, independent and distinct crimes. The essential elements of the two crimes are different, first degree burglary requiring commission in the nighttime, while second degree burglary requires commission in the daytime. Section 94-902, R.C.M.1947. A person cannot be convicted of second degree burglary under a charge of first degree burglary, the former not being a lesser included offense in the latter. State v. Copenhaver, 35 Mont. 342, 89 P. 61, cited with approval in State v. Board, 135 Mont. 139, 337 P.2d 924; State ex rel. Wilson v. Dist. Ct., 159 Mont. 439, 498 P.2d 1217. The punishment for the two crimes is different, one to fifteen years imprisonment in the state prison for first degree burglary as compared with not more than five years imprisonment for second degree burglary. Section 94-903, R.C.M.1947. Are these differences simply matters of form without substance?
Additionally, the majority hold that the defendant was not prejudiced by what was done here because no substantial right of his was violated. In our view, this rationale ignores the whole constitutional and statutory framework of fair trial *509 ¡guarantees on which, our system of criminal justice is bottomed. 'To put the matter in perspective, the issue for review in this ■case is not the ultimate guilt or innocence of the defendant, but whether he had a fair trial. Here on the day of trial the ■defendant was stripped of a clear and absolute defense to the ■original charge by reason of the amendment, and denied a continuance to prepare a defense to the amended charge. In our view, fair trial guarantees were sacrificed on the altar of trial convenience and expediency in this case.
For these reasons, we would grant the defendant a new trial.