No. 81-232

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

———————————

IN THE MATTER OF J.H.,
a youth.

———————————

Appeal from:  District Court of the Eighth Judicial District,
              In and for the County of Cascade
              Honorable Joel G. Roth, Judge presiding.

Counsel of Record:

    For Appellant:

        Robert M. Kampfer argued, Great Falls, Montana

    For Respondent:

        J. Fred Bourdeau, County Attorney, Great Falls, Montana
        Barbara Bell argued, Deputy County Attorney, Great Falls,
         Montana
        Cameron Ferguson, Great Falls, Montana
        Bonnie Sutherland, Great Falls, Montana

                    ———————————

                        Submitted:  December 2, 1981

                          Decided:    FEB  4 1982

Filed: FEB 4 - 1982

_____Thomas J. Kearney_____
                        Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

H.H., the father of J.H., appeals a decision of the Eighth Judicial District, in and for the County of Cascade, finding that J.H. is a youth in need of care as an abused or neglected child.

On October 22, 1980, the Department of Social and Rehabilitation Services filed a petition in the District Court alleging that J.H. was a youth in need of care. Hearings were held November 18 and December 4, 1980. Testimony of the child indicated that he had been sexually abused by his father a couple of times a month since the age of five or six. The boy's mother and a social worker also testified about sexual abuse of the son that the father had discussed with them.

The father testified he felt his sexual contact with his son was beneficial, as exposing him to homosexuality at a young age would make it distasteful for him and prevent him from becoming homosexual. He noted that he had "helped" many young men in the community with this problem.

During the December 4, 1980, hearing, the father moved to dismiss because he had been declared incompetent to proceed in a collateral criminal (deviant sexual conduct) action, presumably was not competent to proceed in this action, and, therefore, could not adequately protect his interests. His motion was denied.

Prior to the instant case, the boy plead true to attempted arson. A dispositional hearing was held, and J.H. was placed at Yellowstone Boys Ranch until the age of eighteen. Thus, the court determined there was no need for a dispositional hearing in this case, and on January 19,

-2-

1981, the court ruled that J.H. was a youth in need of care as an abused or neglected child. The father appeals.

Five issues are raised on appeal:

1. May a wife testify about her husband's sexual abuse of their son?

2. Is section 41-3-404(3), MCA, unconstitutionally void for vagueness?

3. Is there sufficient evidence to support the trial court's finding that J.H. is a youth in need of care as an abused or neglected child?

4. Is it proper to hold a youth in need of care proceeding even though the father was unfit to proceed in a collateral criminal case?

5. Should a dispositional hearing have been held?

I. SPOUSAL PRIVILEGE

May a wife testify about her husband's sexual abuse of their son? We hold that the wife may testify.

Section 26-1-802, MCA, provides:

"Spousal privilege. A husband cannot be examined for or against his wife without her consent or a wife for or against her husband without his consent; nor can either, during the marriage or afterward, be, without the consent of the other, examined as to any communication made by one to the other during the marriage; but this exception does not apply to a civil action or proceeding by one against the other or to a criminal action or proceeding for a crime committed by one against the other."

The purpose of the spousal privilege is to protect the sanctity of the marriage and home. State v. Taylor (1973), 163 Mont. 106, 515 P.2d 695. However, once a family member has been sexually abused, the sanctity of the home and the reason for the rule have been destroyed.

-3-

Sexual abuse of the son by the father is also a "special wrong to the wife and has 'particularly and directly' affected her in a manner other than that suffered by the public in general." Chamberlain v. State (Wyo. 1960), 348 P.2d 280, 284. Thus, the "wrong" against the child is "nothing more nor less than a 'wrong' against the other [spouse]." Chamberlain, 348 P.2d at 284. As such, it falls into one of the exceptions to the spousal privilege. Section 26-1-802, MCA.

In Chamberlain v. State, supra, the court noted:

"Each of the states, territories and possessions of our country, as well as the Philippine Islands, now has statutes relating to competency of a spouse to testify against the other in criminal cases, but they are not uniform. In attempting some general classification of these laws, we find statutes of several jurisdictions making the spouse competent, but not compellable, to testify; a few states where they may be compelled to testify; and a large majority where such testimony is permissible when the accused is charged with violence or crime against the other spouse. Within the last group are some states which allow the testimony when the crime, violence or injury is committed against a minor child of the witness. It also appears that about one-fourth of the jurisdictions have statutes which read substantially the same as our own statute. See 2 Wigmore on Evidence, 3d ed., §488 and 1957 Supp.

". . .

"In 97 C.J.S. Witnesses §101, p. 504, it is said:

"'Under statutory exceptions permitting husband or wife to testify against the other in a prosecution for a crime committed by one against the other, the right of one spouse to testify against the other exists in cases of violence against the person, and has by some authorities been limited to such offenses, such authorities construing statutes of this character as merely declaratory of the common law, although other authorities take the view that under such statutory exception a wife is competent to testify against her husband in a

-4-

prosecution for any crime of his by which she is particularly and directly injured or affected, the statutue being construed as rendering one spouse competent against the other in the latter's prosecution for any offense against the marriage relation or status, although holding one spouse incompetent to testify against the other where the crime is clearly one not against the person or property of the other, or even against the marital status.

"'Statutes permitting either spouse to testify against the other in all cases in which an injury has been done by either against the person or property of either are not limited to cases wherein there is a physical injury the the person of a spouse, but includes prosecutions for crimes especially injuring one spouse, although involving no physical injury.'

". . .

"In 8 Wigmore on Evidence, 3d ed., §2239, p. 251, commenting on the exception to the rule of exclusion which was recognized at common law, it is said:

"'* * * Just how far the concession went, in concrete cases, was never precisely settled. It was given varying definition at different times; it certainly extended to causes involving corporal violence to the wife; and it certainly did not extend to all wrongs done to the wife. In modern statutes the spirit of the exception has usually been invoked to establish the exception for both husband and wife in all causes involving a "crime against the other", or a "personal wrong".' (Emphasis supplied.)" 348 P.2d at 282-283.

Since 1960, the time of the Chamberlain opinion, there has been a continual growth in the jurisdictions recognizing an exception in cases such as this. See: People v. Gibson (1957), 152 Cal.App.2d 149, 312 P.2d 705; Jordan v. People (1966), 161 Colo. 54, 419 P.2d 656; Balltrip v. People (1965), 157 Colo. 108, 401 P.2d 259; State v. Whitaker (1975), 112 Ariz. 537, 544 P.2d 219; United States v. Allery (8th Cir. 1975), 526 F.2d 1362; Commonwealth v. Maroney (1964), 414 Pa. 161, 199 A.2d 424;

-5-

Garcia v. State (Tex.Crim.App. 1978), 573 S.W.2d 12.

In a majority of child abuse cases, a parent is the perpetrator. Evidentiary Problems in Criminal Child Abuse Prosecution, 63 Geo. L. J. 257, 258 (1974). Often, spouses are the only witnesses in these cases. To discourage sexual or other abuses of children, spouses should be allowed to testify against each other in child abuse proceedings. See, United States v. Allery (8th Cir. 1975), 526 F.2d 1362, 1366-1367.

In any event, part of the testimony the father finds objectionable concerns husband-wife communications with third parties present. Other "objectionable" testimony involves the wife's feelings, rather than actual husband-wife communications. Both are exceptions to the spousal privilege. Thompson v. Steinkamp (1947), 120 Mont. 475, 187 P.2d 1018; State v. Houchin (1967), 149 Mont. 503, 428 P.2d 971; cf., State v. Roberts (1981), ___ Mont. ___, 633 P.2d 1214, 38 St.Rep. 1551.

Thus, we hold that the wife may testify about the husband's sexual abuse of their son.


II.  CONSTITUTIONALITY OF SECTION 41-3-404, MCA

Is section 41-3-404(3), MCA, unconstitutionally void for vagueness?

Section 41-3-404(3), MCA, provides:

"(3) In all civil and criminal proceedings relating to abuse, neglect, or dependency, none of the privileges related to the examination or treatment of the child and granted in Title 26, chapter 1, part 8, except the attorney-client privilege granted by 26-1-803, apply."

The father claims that it is unclear whether section

41-3-404(3), MCA, allows parents to testify in youth in need of care proceedings, and it is therefore unconstitutionally void for vagueness. We find no vagueness in the above statute. It provides that, with the exception of the attorney-client privilege granted under section 26-1-803, MCA, no exceptions are granted in civil and criminal proceedings related to abuse, negligence or dependency actions.

Having found previously that under section 26-1-802, MCA, that a wife may testify against her husband in a sexual abuse hearing, we have, therefore, determined that the above statute is not unconstitutionally void due to vagueness.

III. SUFFICIENCY OF THE EVIDENCE

Is there sufficient evidence to support the trial court's findings that J.H. is a youth in need of care as an abused or neglected child? We find sufficient evidence.

Findings of fact of the trial court shall not be set aside unless clearly erroneous. Rule 52(a), M.R.Civ.P. Testimony here indicates that there had been a pattern of abuse by the father in the home. Further, the father believes his actions are beneficial, and he consequently has no incentive to change. We therefore conclude that the findings of the trial court were not clearly erroneous and that J.H. is a youth in need of care as an abused or neglected child.

IV. FATHER'S COMPETENCE

Due to the unusual nature of this case, it is

necessary to point out that the testimony given by the father in this matter was at a hearing to determine whether his son was abused and neglected. The father was present with counsel, and at the end of the proceedings requested through counsel that he be allowed to make a presentation to the court. The father was sworn and testified, giving some sixty-three pages of testimony concerning the family situation. No objections were made to this testimony.

The trial judge had an opportunity to observe the father and weigh his testimony as it concerned the hearing with regard to the son. While the father claims that since he had been declared unfit to proceed in a collateral criminal action, he is also unfit to proceed in this civil action, the record in no way indicates that he has been declared an incompetent. In fact, the record does not reveal any loss of status which would prevent him from proceeding in this matter. In addition, section 53-21-141(1), MCA, provides that, "[u]nless specifically stated in an order by the court, a person involuntarily committed to a facility for a period of evaluation or treatment does not forfeit any legal right or suffer any legal disability. . ." There is nothing in the record to indicate that the father was declared unfit to proceed in anything except the criminal proceeding. Therefore, he retains his right to proceed in a civil action.

Further, the party asserting incompetence has the burden of proving it, Hodges v. Hodges (1967), 150 Mont. 413, 435 P.2d 784, and a person is presumed competent to testify unless the court finds otherwise. See, Rule 601, Mont.R.Evid. Thus, with no affirmative showing of

incompetence to proceed in this civil action, we presume the father was competent.

Finally, the father could have requested a guardian ad litem to be appointed if he felt his attorney was not properly representing him. See, Rule 17(c), M.R.Civ.P.

Therefore, we hold that it was proper in this case to proceed with the youth in need of care proceeding despite the fact that the father was declared unfit to proceed in a collateral criminal action.


V.   DISPOSITIONAL HEARING

Should a dispositional hearing have been held? We hold that a hearing should have been held, but failure in this case to hold one was harmless error.

Montana statute, section 41-3-404(4)(b), MCA, clearly mandates a dispositional hearing:

> "If the court determines that the youth is an abused, neglected, or dependent child, the court shall set a date for a dispositional hearing and order any necessary or required investigations. The dispositional hearing shall be scheduled as soon as practicable. The court may issue a temporary dispositional order pending the dispositional hearing. The temporary dispositional order may provide for any of the forms of relief listed in 41-3-403(2)."

In this case one dispositional hearing had already been held in the arson case, and J.H. was placed at Yellowstone Boys Ranch. Since the trial court held that J.H. was a youth in need of care, it is unlikely that he would have been removed from Yellowstone Boys Ranch even if a second dispositional hearing had been held. Failure to hold a dispositional hearing cannot be condoned by this Court, but in this case the error was harmless.

Affirmed.

_John Conway Harrison_
Justice

We concur:

_Frank I. Haswell_
Chief Justice

_Daniel J. Shea_

_John C. Sheehy_

_____
Justices